No. 8024.

BOARD OF COMMISSIONERS OF MADISON COUNTY *v.* BAKER.

CONSTITUTIONAL LAW.—*Soldiers' Bounties.*—Section 3, Acts 1867, p. 26 (being of an act entitled "An act to legalize and make valid, certain county bonds, and to provide for the payment of the same"), which requires counties to give bounties to certain soldiers, is unconstitutional, because the subject of it is not within the title of the act, nor connected with the subject expressed, as required. (R. S. 1881, section 115.)

From the Madison Circuit Court.

*M. S. Robinson, J. W. Lovett, R. Lake* and *J. A. Harrison,* for appellant.

*W. R. Pierse* and *C. B. Gerard,* for appellee.

WORDEN, J.—Action by the appellee against the appellant to recover bounties. The questions presented arise on the special finding of the facts by the court, and the conclusions of law thereon. The following are the facts found necessary to be stated in order to an understanding of the questions involved:

"The plaintiff, John Baker, on the 10th day of August, 1862, enlisted in Madison county, Ind., and on that day volunteered as a soldier in the war of the Rebellion, in the service of the United States, for three years, or during the war, as a private in Company K, 8th Regiment Indiana Volunteer Infantry, and was on said day duly mustered into the service as such soldier for said term, at Indianapolis, Indiana, by Col. Carrington. And that on the 7th day of February, 1864, said

John Baker veteranized, and again volunteered in said service and war as a soldier, and was on said last named day duly mustered into said service as a private soldier for three years, or during the war, of said Company K, 8th Indiana Volunteer Infantry, and was then and there duly credited to Madison county, Indiana, for local bounty, and continued in said service as such soldier until the close of the war, and was then honorably discharged at the close of the war, having remained in said service as such soldier, continuously from said first enlistment, on said 10th day of August, 1862, till said close of the war, and during all said time, and ever since, has been, and now is, a resident of Madison county, Indiana, and has never received from Madison county, or any other county, any local bounty whatever. And on the 26th day of November, 1863, said defendant, at a special session thereof, at Anderson, entered of record an order, in the words and figures following, to wit: * * 'After an examination of petitions from the several townships, the commissioners proceeded to make the following appropriations to volunteers, under the present call of the President of the United States for three hundred thousand men: Fifty dollars to each volunteer, when he furnishes to the auditor of the county the certificate of the mustering officer, stating that he has been mustered into the service of the United States, and fifty dollars at the expiration of his term of service, said volunteer to be credited to Madison county.' * * That on the 11th day of January, 1865, the defendant made and entered on its record an order in the words and figures following, to wit: * * 'Ordered, by the board of county commissioners, that a bounty of four (4) hundred dollars be paid to each volunteer or drafted man in order to fill the quota of Madison county, under the present call of the President of the United States for 300,000 men. And in order to raise the necessary funds or money for that purpose, the auditor is hereby authorized and empowered to issue bonds, payable by the county treasurer, in sums of not less than twenty-five dollars each, redeemable by the county at any

time within two years from this date, bearing six per cent. interest per annum. And the amount of bonds so issued shall not exceed one hundred and twenty-five thousand dollars, and no more of that sum shall be issued than will fill the said quota of the county, and that said bonds be placed in the hands of the treasurer of the county, who is hereby authorized to negotiate said bonds or [at?] any sum not exceeding 10 per cent. discount, and that said bonds may be converted by the holder into county orders at his pleasure. And the auditor is authorized to issue county orders upon the presentation of such bonds, and thereby redeem the same, which bond shall be endorsed by the county treasurer as redeemed at the time said order may be issued. It is further ordered that such bounty shall be paid only to such person or persons presenting the proper certificate of the duly authorized mustering-in officer of the United States, that such person has been duly accepted and duly mustered into the service of the United States; and that each township shall have, under this order, the benefits of its quota of volunteers or drafted men.'"

The finding proceeds to show that on February 16th, 1865, the board made an order that the auditor furnish the treasurer with bonds to the amount of $75,000 in addition to those above provided for, $50,000 of which was to be in sums of $100 each, and $25,000 in sums of $50 each.

The finding proceeds: "That the auditor of Madison county, pursuant to said orders of said commissioners, on the 3d day of April, 1865, issued a series of bonds of that date of the denomination of one hundred dollars each, a portion of which were sold and used, and another portion of which were cancelled and destroyed by said board of commissioners before being put into circulation; that before this suit was instituted plaintiff demanded of the defendant one hundred dollars for his local bounty due from said county, as he claimed, [and] was refused by said defendant."

The court stated its conclusions of law upon the facts found, as follows:

" I find that said plaintiff was, at the date of his last enlistment, to wit, on the 7th day of February, 1864, entitled to fifty dollars in bounty from the county of Madison, Indiana, at the time of his enlistment, and fifty dollars in addition at the expiration of his term of service under said last enlistment, under the said order of the commissioners, dated November 26th, 1863 ; and I further find, that under the act of the Legislature of the State of Indiana, approved March 11th, 1867, which reads as follows : Sec. 3." (Here the third section of the act mentioned is set out, which will be noticed hereafter in this opinion) ; "that he is entitled to one hundred [dollars] in bounty from the county of Madison, Indiana, and that the plaintiff is entitled to recover of the defendant in this case the sum of two hundred dollars."

Exception, and judgment according to the conclusions of law.

It is not contended, as we understand the brief of counsel for the appellant, that the plaintiff was not entitled to the two sums of fifty dollars each, under the order of the board of the date of November 26th, 1863 ; but it is insisted that the conclusion of the court was radically wrong in respect to the sum of one hundred dollars to which the plaintiff was supposed to be entitled under the provisions of the third section of the act of March 11th, 1867. Acts 1867, p. 26.

It is claimed that the portion of the section of the statute referred to, providing for a bounty, is unconstitutional and void, and we are of that opinion.

The title of the act is as follows : " An act to legalize and make valid, certain county bonds, and to provide for the payment of the same."

The first section of the act legalizes certain bonds which had been theretofore issued for the purpose of paying bounties to soldiers. The second section provides for the assessment and collection of taxes for the payment of such bonds.

The third section is as follows : " All soldiers who entered the service of the United States under the call of the

President for or during the year 1862 or 1863 for three years, or during the war, and are now residents of the county giving the bounty and who have received no bounty from any such county when such soldier has remained in said service until the expiration of the war, or during his term of enlistment, and have been honorably discharged from such service, shall be entitled to one hundred dollars in bounty from such county, and a tax shall be levied and collected for the payment of such bounties as above provided for : *Provided*, nothing in this act shall be so construed as to affect any other county than such counties as may have issued the bonds described in the first section of this act."

This section undertakes to require the counties to which the law is applicable, to pay certain soldiers a bounty of one hundred dollars, whether the counties had offered or were willing to pay such bounties, or otherwise.

A law may be upheld which legalizes the action of the board of commissioners in offering bounties to soldiers; but a law which undertakes to coerce a county to the payment of bounties which it has not offered, is of a much more questionable character. But, aside from this consideration, the provision of the section, requiring the bounty of one hundred dollars to be paid by the counties to which the law is made applicable, involves matter not expressed in the title of the act, nor properly connected with the subject expressed in the title. The legalization and payment of the bonds, and the payment of bounties other than those for which the bonds were issued, are entirely different things, and have no connection with each other. The provision is rendered void by sec. 19 of art. 4 of the constitution, providing that " Every act shall embrace but one subject and matters properly connected therewith; which subject shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title."

The court below was in error in holding that the plaintiff

was entitled to anything under the provisions of the act of March 11th, 1867.

The judgment below is reversed, with costs, and the cause remanded with instructions to the court below to render the proper judgment on the special finding in accordance with this opinion.

NOTE.—WOODS, J., did not participate in this decision.