[No. 13305. In Bank. — August 26, 1889.]

THE PEOPLE, PETITIONER, v. J. P. DUNN, STATE CONTROLLER, RESPONDENT.

CONSTITUTIONAL LAW — ENACTMENT OF LAWS — JOURNALS OF LEGISLATIVE HOUSES — PRESUMPTION. — It is not essential to the validity of a statute that it should affirmatively appear from the journals of the senate and the assembly that every act required by the constitution to be done in the enactment of a law has been done; nor will it be presumed, in the absence of such a showing, that such acts were not done.

ID. — SELECTING SITE FOR BUILDING — DELEGATION OF LEGISLATIVE FUNCTIONS. — A provision in an act of the legislature giving to certain persons the authority to select a site for a public building proposed to be constructed is not a delegation of legislative functions or powers.

ID. — ACT FOR SINGLE PURPOSE — ONE APPROPRIATION. — The act of 1889, entitled "An act to provide a permanent site for the California Home for the Care and Training of Feeble-minded Children, and to erect suitable buildings thereon," has but one purpose, within the meaning of section 34 of article 4 of the constitution, and properly makes but one appropriation to carry out its object.

APPLICATION for a writ of mandate. The facts are stated in the opinion of the court.

*Haggin, Van Ness & Dibble*, for Petitioner.

*T. H. Laine*, for Respondent.

WORKS, J. — This is an application for a writ of *mandamus* to compel the respondent, as controller of state, to issue his warrant for certain moneys which the rela-

tors claim should be paid out of the appropriation con-
tained in the act of the legislature, entitled "An act to
provide a permanent site for the California Home for
the Care and Training of Feeble-minded Children, to
erect suitable buildings thereon, and making an appro-
priation therefor." (Stats. 1889, p. 69.)

The respondent resists the claim of the petitioners, on
the ground that the said statute is unconstitutional and
void, for five reasons, set forth in his return to the alter-
native writ, as follows: —

"1. Said bill was not read on three several days in
the senate prior to its final passage, nor was it declared
to be a case of urgency.

"2. Said alleged law was introduced, known in its
various stages in the legislature, and passed as senate
bill No. 194, which said bill was put upon its final pas-
sage in the assembly after it had been amended in its
title, and in all its sections save section 5, and before and
without being printed with the amendments thereto for
the use of the members, in violation of article 1, section
15, of the constitution of this state.

"3. Said bill was not read at length upon its final
passage, in violation of article 1, section 15, of the con-
stitution of this state.

"4. Said bill or law is void, as it delegates legislative
powers and functions to a board of trustees aided by two
citizens, the two bodies forming a commission clothed
with legislative powers and functions.

"5. Said bill or law is void on its face. It is not a
general appropriation bill, and does contain more than
one item of appropriation, and that for more than one
single and certain purpose, wherefor the respondent
prays that the writ be discharged, and that he go hence
with his cost."

The claim of the respondent is, that the journals of
the two houses of the legislature do not show affirma-
tively that the bill was read three several times in the

senate, that it was printed with its amendments before its final passage, or that it was read at length upon its final passage, as required by the constitution. (Art. 1, sec. 1, and art. 4, sec. 15.)

The point made and relied upon is, that it must affirmatively appear from the journals of the two houses that every act required to be done in the enactment of a law has been done, and that in the absence of such a showing, it must be presumed that such acts were not done.

In support of this contention counsel cite Constitution, art. 4, secs. 10, 15, 16, 28; art. 18, sec. 1; Pol. Code, secs. 240, 256, 257; *Gardner* v. *The Collector*, 6 Wall. 499; *Santa Clara Railroad Tax Case*, 9 Saw. 226, 227; *Spangler* v. *Jacoby*, 14 Ill. 298; *Weill* v. *Kenfield*, 54 Cal. 111; *Oakland Paving Company* v. *Hilton*, 69 Cal. 481; *Indiana Canal Co.* v. *Potts*, 7 Ind. 681; *Madison* v. *Baker*, 80 Ind. 374.

The case does not present the question as to the power of this court to go behind the enrolled bill in order to determine from the journals of the two houses whether the bill was properly passed or not. The respondent does not stop with the contention that the journals may be looked to in order to determine this question. His position is, that as the two houses of the legislature are required to keep journals of their proceedings, every act not shown by such journals to have taken place must be presumed not to have been done. His position cannot be upheld by reason or authority. It is uniformly repudiated even in those states in which it is held that the journals may be looked to as against the enrolled bill. (*Larrison* v. *Peoria etc. Railroad Co.*, 77 Ill. 11; Cooley's Constitutional Limitations, 164; *Minnesota* v. *City of Hastings*, 24 Minn. 78; *Miller* v. *State*, 3 Ohio St. 476; *Illinois* v. *Illinois Central Railroad Co.*, 33 Fed. Rep. 760.) For these reasons we think the objections to the law, on the ground that it was not legally passed, are not well taken.

Nor do we think there is any force in the objection that, by providing that certain persons should select the site for the building proposed to be constructed, the act attempted to delegate legislative functions and powers. To hold that such a power could not be vested in persons named in the act would be an unreasonably strict application of the rule that legislative functions cannot be delegated. The mere act of selecting a site to be purchased was not a legislative act. (*State* v. *Chicago M. & St. P. Railway Co.*, 38 Minn. 281.)

The last objection, viz., that the bill is not a general appropriation bill, and contains more than one item of appropriation for more than one single purpose, is equally groundless. There is but one appropriation in the act for one purpose. The object and purpose of the appropriation is to supply a permanent location for a home for feeble-minded children. It was not necessary that there should have been a separate appropriation for the purchase of the land, another for the erection of the building, another for the construction of fences, and another for each improvement necessary to the proper completion of the proposed work. Section 34, article 4, of the constitution, which is relied upon to support this objection to the law, cannot be given any such unreasonable construction.

The relators are entitled to a peremptory writ, as prayed for, and the same will be issued.

BEATTY, C. J., Fox, J., PATERSON, J., and McFARLAND, J., concurred.

THORNTON, J., concurring.—I concur. The first, second, and third reasons given to maintain the respondent's contention that the act of the legislature referred to in the foregoing opinion is unconstitutional are, in my judgment, correctly disposed of adversely to such contention in the case of *Supervisors of Schuyler County* v. *People*, 25 Ill. 181. The case cited arose under the constitution of

Illinois, which, as regards the matter under consideration, is similar to the constitution of this state.

It was urged in that case that the senate journal did not show that the bill was read three times in that body before it was put on its final passage, and that hence the constitutional requirements to make it a law were not observed.   On this point the court said:—

"The constitution does require that every bill shall be read three times in each branch of the general assembly before it shall be passed into a law, but the constitution does not say that these several readings shall be entered on the journals.   Some acts performed in the passage of laws are required by the constitution to be entered on the journals in order to make them valid, and among these are the entries of the ayes and nays on the final passage of every bill; and we held in the case of *Spangler* v. *Jacoby*, 14 Ill. 297, 58 Am. Dec. 571, that where the journal did not show this, the act never became a law. But where the constitution is silent as to whether a particular act which is required to be performed shall be entered on the journals, it is then left to the discretion of either house to enter it or not, and the silence of the journal on the subject ought not to be held to afford evidence that the act was not done.   In such a case, we must presume it was done, unless the journal affirmatively shows that it was not done."

The constitution of this state does not require that the three several readings of a bill, to pass it into a law, shall be entered on the journal of either house.   From the silence of the journals in this matter we are not authorized to infer that the constitutional requirement was not observed.   The only evidence that can be regarded to show that the requirement was disregarded should be an affirmative statement to that effect in the journal.   In the absence of evidence of this character, we must presume that the duty imposed by the constitution was performed.

The above rule applies to each of the three reasons for respondent's contention above referred to.