[No. 21180. Department One.—November 24, 1894.]

## EX PARTE LOUIS COHEN ON HABEAS CORPUS.

CONSTITUTIONAL LAW—CRIMINATING EVIDENCE—PROTECTION OF WITNESS. The provision of article I of section 13 of the constitution of this state, that "no person shall be compelled, in a criminal case, to be a witness against himself," is to be construed as protecting a witness from being compelled to give any evidence which, in a criminal prosecution against himself, might in any degree tend to establish the offense with which he may be charged; but it is only when his evidence may tend to establish an offense for which he may be punished under the laws of the state that he is protected by this provision, and in no case where he is not liable to prosecution or punishment is he privileged from answering, upon the ground that the evidence may tend to criminate him.

ID.—TESTIMONY UNDER PURITY OF ELECTION LAW—WITNESS COMPELLED
   TO ANSWER.—A person giving evidence against other persons under the
   purity of election law is exempted, by the terms of the law, from in-
   dictment, information, prosecution, or punishment for the offense with
   reference to which his testimony is given, and is not protected from
   answering as a witness upon the ground that the evidence which he
   may give may tend to criminate himself.
ID.—STATUTORY CONSTRUCTION.—A statute is to be construed with refer-
   ence to its manifest object, so as to carry out its object consistently
   with the constitution, and is to be liberally construed in favor of a per-
   sonal privilege or right conferred upon an individual by the consti-
   tution.
ID.—CONSTRUCTION OF PURITY OF ELECTION LAW.—Section 32 of the Pu-
   rity of Election Law is to be construed as intended to secure evidence for
   the conviction of offenders against the provisions of the other sections of
   the statute which are enumerated therein, which require the co-opera-
   tion of two or more persons; and it is only upon a trial, hearing, prose-
   cution, lawful investigation, or judicial proceeding against another
   person for offending against those provisions that a witness who has
   himself offended against them can be compelled to testify.
ID.—IMMUNITY OF WITNESS—OTHER OFFENSES.—The immunity given to
   the witness includes not only the offense with which the defendant then
   under examination is charged, and in which the witness was a partici-
   pant with such defendant, but also any other offense with which the
   witness may be charged, and to which said testimony may have refer-
   ence, or which it may tend to establish.
ID.—CONTEMPT IN REFUSING TO ANSWER—HABEAS CORPUS.—A witness
   called to testify under the Purity of Election Law may be adjudged
   guilty of contempt for refusing to answer questions propounded to him
   concerning violations of the law by other persons with whom he has
   co-operated, and he is not entitled to be discharged upon *habeas corpus*
   when ordered to be imprisoned, until he shall answer the questions.

HEARING in the Supreme Court upon a writ of *habeas corpus*.

The facts are stated in the opinion of the court.

*Carroll Cook,* and *H. I. Kowalsky,* for Petitioner.

*J. N. Nougues, contra.*

HARRISON, J.—While Louis Steinberger was under examination before the Hon. W. T. Wallace, one of the judges of the superior court of San Francisco, sitting as a committing magistrate, in which said Steinberger was charged with a felony in " having willfully caused, procured, and allowed one Louis Cohen to be registered

upon the precinct register of the first precinct of the forty-third assembly district of the state of California in the city and county of San Francisco, state of California, knowing said Louis Cohen not to be entitled to such registration," the petitioner was called as a witness on the part of the people, and, having been sworn as such witness, was asked the following questions, viz:

" Q. Mr. Cohen, where do you reside?

" Q. On the third day of October, 1894, where did you reside?

" Q. Do you know the defendant, Louis Steinberger?

" Q. Did you have any conversation with Mr. Steinberger on the third day of last October respecting your going and procuring yourself to be placed upon the great register of this county?

" Q. Or the precinct register of this city and county?

" Q. Did you register or procure your name to be placed upon the precinct register of the first precinct of the forty-third assembly district on the 3d of last October?

" Q. We're you present at the Baldwin Hotel with Mr. Steinberger on the third day of October?

" Q. At Mr. Steinberger's direction did the clerk of the Baldwin Hotel furnish you with a key to a certain room in the hotel? "

The witness refused to answer each of these questions as they were propounded to him, on the ground that his answer might incriminate him, whereupon the judge stated to him: " It is a legal impossibility in this case to expose yourself by your testimony here.    I instruct you that you are bound to answer.    You must answer."    But, notwithstanding such direction, the witness still refused to answer, and was thereupon adjudged guilty of contempt, and ordered to be imprisoned in the common jail of the city and county of San Francisco, until he answer said questions and each of them before said judge.

The right of the legislature to determine who shall be competent witnesses to establish any fact under judicial

examination, and to compel the attendance of such witnesses, cannot be disputed. Every person is subject to the power of the legislature to compel him in any judicial proceeding to give testimony of any fact within his knowledge and material to the issue, except in so far as the constitution restrains the legislature from exercising this power, or protects the individual from a compulsory compliance with its attempted exercise. The constitution of this state has limited the extent to which the legislature may exercise this power, and has given to the individual a protection against its exercise by providing in article I, section 13, that "no person shall be compelled in any criminal case to be a witness against himself." It is needless to review the history and development of this provision. It is an outgrowth of the common law of England, and almost at the commencement of our present government was incorporated into the national constitution, and is found in the constitution of every state in the country. The object of the provision is the immunity of the individual from compulsory self-accusation. This immunity is, however, to be limited to the purpose for which it is given, viz., the protection of the witness from being compelled to furnish any evidence from which he may be subjected to prosecution or punishment, and is not to be extended so as to include an exemption from being compelled to give evidence that could not under any circumstances tend to his conviction of an offense against the laws of the state.

The provision that a person shall not be compelled "in a criminal case" to be a witness "against himself" is to be construed as protecting him from being compelled to give any evidence which in a criminal prosecution against himself might in any degree tend to establish the offense with which he may be charged. It is only when his evidence may tend to establish an offense for which he may be punished under the laws of the state that he is a witness "against himself" in a criminal case. The "criminal case" in which he is a

witness need not be against himself, but his immunity from compulsion extends to all evidence which may be used in any criminal case against himself, under whatever circumstances such evidence may be sought; but the fact that in a proceeding in which he is not the defendant his testimony may tend to show that he has violated the laws of the state, is not sufficient to entitle him to claim this protection of the constitution, unless he is at the same time liable to prosecution and punishment for such violation. If, at the time of the transactions respecting which his testimony is sought, the acts themselves did not constitute an offense, or, if, at the time of giving the testimony, the acts are no longer punishable; if the statute creating the offense has been repealed; if the witness has been tried for the offense and acquitted, or, if convicted, has satisfied the sentence of the law; if the offense is barred by the statute of limitations, and there is no pending prosecution against the witness, he cannot claim any privilege under this provision of the constitution, since his testimony could not be used against him in any criminal case against himself, and consequently he is not compelled to be a witness "against himself." Equally is he deprived of claiming this exemption from giving evidence if the legislature has declared that he shall not be prosecuted or punished for any offense of which he gives evidence. Any evidence that he may give under such a statutory direction will not be "against himself," for the reason that by the very act of giving the evidence he becomes exempted from any prosecution or punishment for the offense respecting which his evidence is given. In such a case he is not compelled to give evidence which may be used against himself in any criminal case, for the reason that the legislature has declared that there can be no criminal case against him which the evidence which he gives may tend to establish.

Section 32 of the Purity of Election Law (Stats. 1893, p. 26), under which the examination of Steinberger was had, provides: "A person offending against any pro-

vision of sections . . . . [enumerating certain sections
of the act] is a competent witness against another per-
son so offending, and may be compelled to attend and
testify upon any trial, hearing, proceeding, or lawful
investigation or judicial proceeding, in the same man-
ner as any other person.   But the testimony so given
shall not be used in any prosecution or proceeding,
civil or criminal, against the person so testifying.   A
person so testifying shall not thereafter be liable to
indictment or presentment by information, nor to pros-
ecution or punishment for the offense with reference to
which his testimony was given, and may plead or prove
the giving of testimony accordingly in bar of such
indictment, information, or prosecution." This section
is taken from the statute of New York, known as the
Corrupt Practices Prevention Act, and is also found in
the English statute upon the same subject; and the clos-
ing paragraph of the section is also found in the statutes
of New York passed in 1869 for the punishment of
bribery, and subsequently incorporated in section 79 of
the Penal Code of that state.   Statutes containing simi-
lar provisions have been passed in many of the states of
this country for the purpose of securing conviction for
offenses in which two or more persons are required to
participate in order to constitute the offense, such as
bribery, gambling, dueling, usury, selling intoxicating
liquors, and others; the legislatures doubtless consider-
ing that the offense would be effectually suppressed if
one of the offenders only could be punished, and for
that purpose making his participant in the offense a
competent witness by exempting him from punishment.
In the greater number of these statutes the provision of
exemption was that the testimony should not be used
against the witness; and prior to the decision in *Coun-
selman* v. *Hitchcock*, 142 U. S. 547, in 1891, the decisions
under these statutes were nearly uniform that this was
a sufficient immunity; but under the rule laid down in
that case such a provision does not meet the require-
ments of the constitution, and unless there be an abso-

lute immunity from all punishment for any offense respecting which the witness may be called upon to testify, he may claim the protection of the constitution against being compelled to give evidence against himself. Rulings similar to that in *Counselman* v. *Hitchcock*, 142 U. S. 547, had been previously made in *Emery's case*, 107 Mass. 172, 9 Am. Rep. 22, and in *Cullen* v. *Commonwealth*, 24 Gratt. 624. The same principle was established in this state in *Ex parte Clarke*, 103 Cal. 352. In *State* v. *Nowell*, 58 N. H. 314, it was held under the provisions of a statute that the evidence given by a witness should not be used against him, and that he should not be thereafter prosecuted for any offense so disclosed by him; that this exemption gave him all the protection which was guaranteed by the constitution, upon the ground that his legal immunity from prosecution was equivalent to his legal innocence of the crime disclosed by his testimony.

A statute is to be construed with reference to its manifest object, except as such object may be defeated by the language of the statute itself. The language used is not to be enlarged beyond its ordinary construction for the purpose of effecting such object, nor, on the other hand, is it to receive such a technical or limited construction as will defeat the manifest purpose of the statute. If the language is susceptible of two constructions, one of which will carry out and the other will defeat such manifest object, it should receive the former construction. So, too, if a statute is susceptible of two constructions, one of which is consistent with the constitution, and the other repugnant thereto, it should be so construed as to be effective rather than void. Any statute involving a personal privilege or right conferred upon an individual by the constitution is to be liberally construed in favor of the individual. The manifest object of section 32 aforesaid is to secure evidence for the conviction of offenders against the provisions of the other sections of the statute which are enumerated therein; but it is only upon a "trial, hear-

ing, prosecution, lawful investigation, or judicial pro-
ceeding" against another person for offending against
the provisions of those enumerated sections, that a wit-
ness, who has himself offended against these provisions
of the sections, can be compelled to testify. The offenses
referred to in the enumerated sections are those against
the purity of election which require the co-operation of
two or more persons, and the provision that one of these
parties offending may be compelled to give testimony
would be nugatory, in view of his constitutional protec-
tion, unless the legislature had at the same time fur-
nished him with a shield for any offense with reference
to which he would be compelled to testify.

By the provisions of this section the petitioner has
the full protection guaranteed to him by the constitution
against any self-accusation of crime. In addition to
providing that his testimony shall not be used against
him, it is declared that he shall not thereafter be liable
to indictment or presentment by information, nor to
prosecution or punishment "for the offense with refer-
ence to which his testimony was given," and that he
may plead or prove the giving of testimony in bar of
such indictment, information, or prosecution. The
immunity thus given includes not only the offense with
which the defendant then under examination is charged,
and in which the witness was a participant with such
defendant, but also any other offense with which the
witness may be charged, and to which such testimony
may have reference or which it may tend to establish.
"The offense with reference to which his testimony was
given" is broader in its terms and has a wider scope
than "the offense with which the defendant is charged,"
and the exemption from prosecution or punishment
consequent upon his giving testimony in reference
thereto, when considered in view of the personal priv-
ilege given by the constitution, must receive a liberal
construction in its favor. The statute purports to com-
pel him to testify "in the same manner as any other
person," and as the equivalent for his constitutional

protection gives him a legislative protection of equal scope and effect by exempting him from all liability to punishment for the offense with reference to which he testifies. The exemption is as broad as the compulsion, and the protection is equal to that given by the constitution. The testimony which he may be compelled to give is the same as that which could be required of any other witness, and includes any matter within his knowledge which is relevant to the offense under investigation and material to its determination. If, in giving such testimony, the testimony has reference to another offense committed by himself, he is within the protection of the statute, and upon any prosecution for such offense is authorized to plead or prove in bar thereof that under the compulsion of this section he gave testimony with reference to such offense.

We hold, therefore, that the petitioner should have answered the questions propounded to him, and that he was rightly adjudged guilty of contempt in refusing to answer them.

The writ is discharged and the petitioner remanded.

GAROUTTE, J., and McFARLAND, J., concurred.