[Sac. No. 3853. In Bank.—January 26, 1926.]

W. F. McCLURE, as Director of the Department of Public Works, etc., Petitioner, v. RAY L. RILEY, as Controller, etc., Respondent.

[1] Statutes—Subject Matter and Titles—Liberal Construction—Constitutional Law.—The constitutional restrictions relating to the subject matter and titles of acts should be construed liberally to uphold proper legislation, all parts of which are reasonably germane on the one hand, and to prevent trickery on the other hand; and the restriction requiring the subject of an act to be expressed in its title should be reasonably construed, considering substance rather than form, to require the expression in the title of the general object but not the details or incidents, or means of effecting the object sought, and to include the subject and not the purpose of the act and the reasons which brought about the enactment of it by the legislature.

[2] Id.—Interpretation—History of Legislation.—In determining whether the subject matter embraced within the body of a legislative act is sufficiently referred to in its title, in conformity with the foregoing rule of interpretation, the court is entitled to look to the history of the particular legislation to which the act in question, when read as a whole, relates.

[3] Id.—Inadequacy of State Capitol Building—Erection of Additional Buildings—Related Legislative Acts.—The act of 1911 (Stats. 1911, p. 1855), reciting the inadequacy of the portion of the

1.   See 23 Cal. Jur. 644; 25 R. C. L. 837.
2.   See 23 Cal. Jur. 773.
3.   See 23 Cal. Jur. 785; 25 R. C. L. 1060.

state capitol building, so called (the main structure), devoted to the accommodation of the state library and the supreme and appellate courts, and appointing a commission to investigate the necessity for the erection of additional buildings for the housing of those institutions, and the act of 1913 (Stats. 1913, p. 389), providing for the erection and equipment of state buildings in the city of Sacramento for state purposes, providing for the issuance and sale of bonds, and appointing a board to supervise the construction and equipment of the state buildings to be thus provided for, should be read together and should be construed as intended merely to amplify the unit of structural area to be used for state purposes, and the fact that such new buildings are separated by a short space from the old unit is an immaterial circumstance.

[4] Id. — Purpose of Former Acts — Expenditures Under Act of 1925.—The act of 1925 (Stats. 1925, p. 726), while providing in its title "for the completion of construction and equipment and furnishing state buildings in the city of Sacramento for state purposes," has reference to the unit of state structures used and to be used for state purposes in the city of Sacramento, and whatever appropriation or expenditure is provided for in said act was intended to be devoted to the same general purpose as that which was contemplated by the act of 1911 (Stats. 1911, p. 1855) and the act of 1913 (Stats. 1913, p. 389).

[5] Id.—State Capitol—New Building Units—Accommodation of Certain Institutions—Object of Act of 1925—Sufficiency of Title.—The appropriation or expenditure provided for in the act of 1925 (Stats. 1925, p. 726) having been intended to be devoted to the same general purpose as that which was contemplated by the preceding legislative enactments, the inclusion in the body of said act of a provision for the making of such structural changes in the original unit, commonly known as the state capitol building, as were made necessary by the amplification of that unit and by the removal to quarters in the new and amplified unit of those institutions and activities for the accommodation of which they were from the beginning designed, would be germane to the single object and purpose contemplated by the former acts and would be embraced within the title of such final and supplemental act intended merely to provide an additional appropriation for the fulfillment of the original design.

[6] Id.—Subject Matter and Title of Act of 1925—Constitutional Law.—The subject matter found in the body of the act of 1925 (Stats. 1925, p. 726) is fairly embraced within its title; but one appropriation is provided for therein; and the clause therein providing for an expenditure in part of such appropriation "for the rearrangement of the state capitol building" is germane to the pur-

·pose contemplated by its title as well as by the provisions of the previous acts of 1911 and 1913, and having the same general purpose in view.

(1) 36 Cyc., p. 1018, n. 79, 80, 81, p. 1019, n. 82, 83, 84, p. 1020, n. 85, 86. (2) 36 Cyc., p. 1146, n. 17, p. 1147, n. 30. (3) 36 Cyc., p. 1147, n. 30. (4) 36 Cyc., p. 895, n. 43 New. (5) 36 Cyc., p. 1029, n. 25. (6) 36 Cyc., p. 1037, n. 65.

PROCEEDING in Mandamus to compel the State Controller to audit and draw his warrant for certain claims. Writ granted.

The facts are stated in the opinion of the court.

Wesley E. Marten and Dixwell L. Pierce for Petitioner.

U. S. Webb, Attorney-General, and Robert W. Harrison, Chief Deputy Attorney-General, for Respondent.

RICHARDS, J.—The petitioner herein, in his capacity as Director of the Department of Public Works of the State of California, has applied for a writ of mandate to compel the respondent herein, as Controller, to audit and draw his warrant for the payment of certain claims for work done and material furnished in connection with the construction and equipment of the state buildings now in course of construction in the city of Sacramento, the said respondent having refused to audit and approve said claims. The facts as set forth in the petition herein are admitted by the answer of the respondent and the only question presented for our determination is as to whether or not the act of the legislature (Stats. 1925, p. 726) constitutes a valid appropriation of the moneys of the state of California available for the payment of such claims. The act reads in part as follows:

"An act appropriating the sum of three hundred thousand dollars for the completion of construction and equipment and furnishing state buildings in the city of Sacramento for state purposes.

"The people of the State of California do enact as follows:

"Section 1. The sum of three hundred thousand dollars, or so much thereof as shall be necessary, is hereby appropri-

atcd out of any money in the state treasury not otherwise appropriated, to be expended in completing the construction, equipment and furnishing of state buildings in the city of Sacramento for state purposes, for laying out and beautifying the grounds, and also for the rearrangement of the state capitol building. This appropriation is in addition and supplemental to the funds heretofore provided for that purpose by an act entitled 'An act to provide for the issuance and sale of state bonds to be known as "State building bonds," ' " etc. (Stats. 1913, p. 389.)

[1] The objection which the respondent urges against the validity of the foregoing act of 1925 is that said act violates the provision of the constitution (art. IV, sec. 24), which provides that every act shall embrace but one subject, which subject shall be expressed in its title; and also violates a further provision of the constitution (art. IV, sec. 34) to the effect that no bill making an appropriation of money, except the budget bill, shall contain more than one item of appropriation and for one single and certain purpose, to be expressed therein. In approaching the determination as to what scope and meaning shall be given to the foregoing provision of the state constitution it is to be borne in mind that the rule of interpretation to be applied to these sections is well settled and is conceded by the respondent herein to be substantially that set forth in 36 Cyc. 1017, as follows:

"3. Construction of Provisions. The provisions of the various constitutions relating to the subject matter and titles of acts should be construed liberally to uphold proper legislation, all parts of which are reasonably germane on the one hand, and to prevent trickery on the other hand. The restrictions requiring the subject of an act to be expressed in its title should be reasonably construed, considering substance rather than form, to require the expression in the title of the general object but not the details or incidents, or means of effecting the object sought, and to include the subject and not the purpose of the act and the reasons which brought about the enactment of it by the legislature."

The foregoing rule is fully upheld by the following authorities: *Inhabitants etc. of Montclair Tp.* v. *Ramsdell,* 107 U. S. 147 [27 L. Ed. 433, 434, 2 Sup. Ct. Rep. 391, see, also, Rose's U. S. Notes]; *Mills* v. *Carleton,* 30 Wis. 409; *Hannibal* v. *Marion Co.,* 69 Mo. 576; *State* v. *Ranson,*

73 Mo. 86; *People* v. *Parks,* 58 Cal. 635; *San Francisco etc. R. R. Co.* v. *State,* 60 Cal. 12; *Abeel* v. *Clark,* 84 Cal. 228 [24 Pac. 383]; *Ex parte Liddell,* 93 Cal. 636 [29 Pac. 251]; *Ex parte Cohen,* 104 Cal. 530 [43 Am. St. Rep. 127, 26 L. R. A. 423, 38 Pac. 364]; *In re Hoffman,* 155 Cal. 114 [132 Am. St. Rep. 75, 90 Pac. 517]; *Reclamation Dist.* v. *Superior Court,* 171 Cal. 677 [154 Pac. 845]; *People* v. *Jordan,* 172 Cal. 394 [156 Pac. 451]; *Bassford* v. *Earl,* 172 Cal. 660 [158 Pac. 124]; *Estate of Wellings,* 192 Cal. 519 [221 Pac. 628]; 1 Lewis' Sutherland on Statutory Construction, 2d ed., p. 202. **[2]** In determining whether the subject matter embraced within the body of a legislative act is sufficiently referred to in its title, in conformity with the foregoing rule of interpretation, we are entitled to look to the history of the particular legislation to which the act in question, when read as a whole, relates. The city of Sacramento is and for many years has been the state capital, and the main structure therein which has during these past years been occupied by the various offices and activities of the state government which have been located at the state capital, has commonly been known as the "state capitol building." This building, however, is in reality but one of a unit of state buildings at the capital used for the foregoing purposes and known as state buildings. **[3]** The legislature adopted in the year 1911 an act (Stats. 1911, p. 1855), reciting the inadequacy of the portion of the state capitol building, so called, devoted to the accommodation of the state library and the supreme and appellate courts, and by the terms of said act appointed a commission to investigate the necessity for the erection of additional buildings for the housing of these institutions, and to report to the legislature of 1913. This commission duly reported as required by the terms of said act, and apparently in accordance with its recommendations the legislature adopted the act of 1913 (Stats. 1913, p. 389) providing for "the erection and equipment of state buildings in the city of Sacramento for state purposes," providing for the issuance and sale of bonds in a sum not to exceed three million dollars for such purposes, and appointing a board consisting of the Governor, the chief justice of the supreme court and the state librarian to supervise the construction and equipment of the state buildings to be thus provided. The issuance and sale of said

bonds, the acquisition of suitable land adjacent to the state capitol grounds, and the erection of the state buildings contemplated by said act have been carried forward and the buildings are now nearing completion. It is a significant fact that such buildings have been so designed and are being so constructed as to provide new and ample quarters for the state library and for the supreme and appellate courts, and that the original purpose for which the erection of such state buildings was contemplated has thus been carried forward consistently to the present time. It thus appears to us that the foregoing several legislative acts should be read together and should be construed as intended merely to amplify the unit of structural area to be used for state purposes. That the new buildings still in course of construction are separated by a short space from the old unit is an immaterial circumstance. They occupy lands adjacent to those occupied by that unit and they are as much a part of it as though they had been merely wings or annexes of the original structure. Had they been built as such no doubt could have arisen that whatever changes were required to be made in the original unit or structure in order to carry to completion the purposes for which the new buildings were designed would be within the legislative purpose as expressed in the acts of 1911 and 1913. [4] The act of 1925, while providing in its title "for the completion of construction and equipment and furnishing state buildings in the city of Sacramento for state purposes," is by the body of said act expressly declared to be supplemental to the former acts, and the conclusion seems irresistible that said last-named act, both in title and substance, has reference to the unit of state structures used and to be used for state purposes in the city of Sacramento, and that whatever appropriation or expenditure is provided for in said act was intended to be devoted to the same general purpose as that which was contemplated by the preceding legislative enactments. [5] This being so, it would seem to follow that the inclusion in the body of the act of 1925 of a provision for the making of such structural changes in the original unit, commonly known as the state capitol building, as were made necessary by the amplification of that unit and by the removal to quarters in the new and amplified unit of those institutions and activities for the accommodation of which

they were from the beginning designed would be germane to the single object and purpose contemplated by the former acts and would be embraced within the title of the final and supplemental act intended, as it obviously was, merely to provide an additional appropriation for the fulfillment of the foregoing original design.

[6] If the foregoing reasoning be correct it would follow as a necessary sequence therefrom that the subject matter found in the body of the act of 1925 is fairly embraced within its title; that but one appropriation is provided for therein, and that the clause therein providing for an expenditure in part of such appropriation ''for the rearrangement of the state capitol building'' is germane to the purpose contemplated by its title as well as by the provisions of the previous enactments of the legislature above referred to and having the same general purpose in view. Having arrived at this conclusion it is unnecessary to determine whether the act in question would or would not be valid if the foregoing clause relating to the rearrangement of the state capitol building were to be stricken from the act.

Let the writ issue as prayed for.

Lennon, J., Seawell, J., Lawlor, J., and Curtis, J., concurred.

WASTE, C. J., Concurring.—I concur in the order directing a writ of mandate to issue, but solely for the reason that the two claims for work done, and which are the subject of our consideration, appear to have been properly incurred in the completion of construction of the two state buildings provided for by the act of 1913 (Stats. 1913, p. 389). I do not agree with my associates that the statute here under consideration should be construed to permit the expenditure of money appropriated by it ''for the rearrangement of the state capitol building.'' We have before us, tested by its title, an act appropriating the sum of three hundred thousand dollars for the completion of construction, and equipment, and furnishing state buildings in the city of Sacramento for state purposes, the erection of which was the sole objective of the bond issue provided by the act of 1913, *supra.* Any matters of legislation contained in the body of the act not bearing on the completion of construc-

tion, equipment, or furnishing of those buildings should go out. (Const., art. IV, sec. 24; *Spier* v. *Baker*, 120 Cal. 370, 373 [41 L. R. A. 196, 52 Pac. 659].) Unless that be done, the act, in my opinion, falls within the inhibition of article IV, section 34, of the constitution, which provides that any bill making an appropriation of money, except the budget bill, shall contain only one item, "and that for one single and certain purpose to be therein expressed."

Shenk, J., concurred.