[S. F. No. 12081. In Bank.—October 14, 1926.]

THE REGENTS OF THE UNIVERSITY OF CALI-
FORNIA (a Corporation), Petitioner, v. RAY L.
RILEY, as Controller, etc., Respondent.

[1] STATUTES—PURCHASE OF LAND AND ERECTION OF BUILDINGS FOR
UNIVERSITY—ACT OF 1923—CONSTITUTIONALITY OF.—The act of
June 5, 1923 (Stats. 1923, p. 645), providing for the purchase of
land and the erection of buildings for the College of Agriculture
of the University of California, does not violate section 24, article
IV, of the state constitution, which provides that every act shall
embrace but one subject, which shall be expressed in the title; nor
does it violate section 34 of the same article, which declares
that no bill making an appropriation of money, except the
budget bill, shall contain more than one item of appropriation
and that for a single and certain purpose to be therein expressed.

(1) 36 **Cyc.**, p. 1022, n. 96, p. 1026, n. 15, p. 1029, n. 25, p. 1036,
n. 59.

APPLICATION for a Writ of Mandate to compel the
State Controller to draw a warrant for money appropriated
for land and buildings for the University of California.
Writ granted.

The facts are stated in the opinion of the court.

Jno. U. Calkins, Jr., and Calkins, Hagar, Hall & Linforth
for Petitioner.

U. S. Webb, Attorney-General, and Robert W. Harrison,
Chief Deputy Attorney-General, for Respondent.

WASTE, C. J.—The petitioner is here seeking a writ of
mandate to compel the respondent, as Controller of State, to
draw his warrant for the sum of $50,000, appropriated by
the act of June 5, 1923 (Stats. 1923, p. 645), for the pur-
chase of lands and the erection of buildings for the College
of Agriculture of the University of California. The re-
spondent, who has refused to honor the demand of the Board
of Regents of the University, has demurred to the petition

1.   See 23 **Cal. Jur.** 641.

on general grounds, and advances the contentions that the act violates section 24, article IV of the state constitution, which provides that every act shall embrace but one subject, which subject shall be expressed in the title, and is also violative of section 34 of the same article, which declares that no bill making an appropriation of money, except the budget bill, shall contain more than one item of appropriation, and that for a single and certain purpose to be therein expressed.

The act is entitled: "An Act to Provide Additional Land and Buildings for use in connection with the Department of Agriculture of the University of California at Berkeley, and making an Appropriation therefor." By section 1, there is appropriated out of any money in the state treasury, not otherwise appropriated, the sum of $50,000, or so much as may be necessary, to be used by the Regents for the purchase of land near the grounds of the University of California, at Berkeley, and for the erection of greenhouses, either on said land so to be purchased, or on other lands of the University, at Berkeley, for use in connection with the Department of Agriculture. By section 2, the additional sum of $50,000, or so much as may be necessary, is appropriated out of any money in the state treasury after July 1, 1925, for the same purposes as are specified in section 1. Section 3 of the act provides that no money shall be paid out of the state treasury until the Regents of the University shall file with the state controller a certificate, stating that they have in their hands the sum of at least $50,000 available for use for the purposes specified in the act, in addition to the amount of the appropriation.

[1] We are of the view that neither of the contentions advanced by the respondent can be upheld. The act embraces but one subject, namely, an appropriation to provide additional facilities for the use of the Department of Agriculture of the University of California, at Berkeley, which is sufficiently expressed in its title. (*People* v. *Dunn*, 80 Cal. 211, 214 [13 Am. St. Rep. 118, 22 Pac. 140]; *McClure* v. *Riley*, 198 Cal. 23 [243 Pac. 429]. See, also, *Estate of Wellings*, 192 Cal. 506, 519 [221 Pac. 628].)

We are also satisfied that the appropriation carried by the act consists of but one item, and that it is for a single and certain purpose clearly and concisely stated in the title and in the provisions of the act heretofore cited. (*State* v. *Sloan*,

66 Ark. 575 [74 Am. St. Rep. 106, 53 S. W. 47].) This conclusion finds further support, if any they needed, in the language of section 4 of the act whereby it is declared to be the intent of the legislature that, as soon as the additional sum of $50,000 mentioned in section 3 is available, all or any part of the money appropriated may be used as a deposit on account of the purchase of land, or for the erection of all or any part of the contemplated buildings. The fact that the appropriation is to be paid in two installments does not render the bill subject to the objection urged by respondent.

The petitioner has in its hands the sum of $50,000 available for the purposes specified in the act, and has fulfilled all the requirements imposed upon it by law as conditions precedent to the issue by respondent of the warrant demanded by it. The funds necessary for the payment of the warrant are available for that purpose.

No good reason having been shown by respondent why the demand of the Regents of the University should not be honored, it is ordered that a peremptory writ of mandate issue as prayed for.

Richards, J., Curtis, J., Shenk, J., and Seawell, J., concurred.