[S. F. No. 19450.    In Bank.    Apr. 24, 1957.]

DANIEL PRINCE, Appellant, v. CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Lawrence Speiser and Ralph Wertheimer for Appellant.

Charles E. Beardsley and Stanley A. Weigel as Amici Curiae on behalf of Appellant.

Dion R. Holm, City Attorney, Walker Peddicord, Chief Deputy City Attorney, and Robert M. Desky, Deputy City Attorney, for Respondent.

SHENK, J.—This is an appeal by the plaintiff from a judgment in favor of the defendant in an action to recover taxes paid under protest and for declaratory relief.

The plaintiff is a veteran of World War II and as such filed applications for and obtained tax exemptions from the defendant city and county for the tax years 1951-1952, 1952-1953 and 1953-1954, pursuant to the provisions of section 1¼ of article XIII of the Constitution. That section provides in its pertinent parts as follows: "The property to the amount of $1,000 of every resident of this State who has served in the Army, Navy, Marine Corps, Coast Guard or Revenue Marine (Revenue Cutter) Service of the United States (1) in time of war, or (2) in time of peace, in a campaign or expedition for service in which a medal has been issued by the Congress of the United States, and in either case has received an honorable discharge therefrom, . . . shall be exempt from taxation. . . ."

On November 4, 1952, the Constitution was amended to add section 19 of article XX limiting the veterans' tax exemption, as well as other tax exemptions, to those otherwise entitled who do not advocate the overthrow of the federal or state government by force and violence or the support of a foreign government in the event of hostilities against the United States, and authorizing implementation by legislation to effectuate the provisions of the constitutional amendment. Accordingly, on July 1, 1953 (Stats. 1953, ch. 1503, § 1, p. 3114) section 32 was added to the Revenue and Taxation Code providing that applications for tax exemptions must

contain an oath as specified by that section. The constitutional amendment and the implementing legislation are the same as those set forth and considered in the opinion of this court in *First Unitarian Church of Los Angeles* v. *County of Los Angeles, ante,* p. 419 [311 P.2d 508].

On April 12, 1954, the plaintiff filed in the office of the assessor of the defendant city and county an application for a property tax exemption for the tax year 1954-1955. The application form furnished by the assessor contained, for the first time, the nonsubversive affidavit required by section 32 of the Revenue and Taxation Code. The plaintiff failed and refused to sign the application containing the oath. Facts were stipulated to which otherwise appear to entitle the plaintiff to the exemption. The application was denied. The plaintiff paid the tax under protest and commenced this action to recover the same. He claims that he is entitled to the exemption without compliance with the constitutional amendment and the statutory enactment passed in pursuance thereof. He contends that section 19 of article XX of the Constitution and section 32 of the Revenue and Taxation Code violate provisions of the state and federal Constitutions. In support of his contentions he argues that the provisions of our state law infringe upon various aspects of freedom of speech; that because section 32 of the Revenue and Taxation Code does not apply to all of those entitled to tax exemptions it constitutes special legislation and he is denied due process and equal protection of the law, and that it fallaciously infers that those who do not sign the oath engage in the prohibited advocacy. It is also urged that the constitutional amendment is void because it embraces more than one subject.

In the case of *First Unitarian Church of Los Angeles* v. *County of Los Angeles, ante,* p. 419 [311 P.2d 508], this court declared the purposes of the constitutional amendment and its implementing legislation as applied to churches and held both enactments to be valid. The same reasons and conclusions apply to tax exemption claims by veterans provided for in section 1¼ of article XIII of the Constitution. Veterans traditionally have been selected by the states and by the nation for numerous special bounties and benefits. These are said to be, in part at least, in consideration for services in the public interest and welfare and as encouragement to others to follow their example. (See *Allied Architects' Assn.* v. *Payne,* 192 Cal. 431 [221 P. 209, 30 A.L.R. 1029]; *Veterans' Welfare Board* v. *Riley,* 188 Cal. 607, 611

[206 P. 631].) In the case of *First Unitarian Church of Los Angeles* v. *County of Los Angeles,* above referred to, it was held that the pursuit of such objectives by the state through the means employed in the constitutional amendment and implementing legislation does not in any way violate the right of free speech; that the classifications imposed are reasonable and proper; that they do not violate any constitutional provision, and that the oath requirement of section 32 of the Revenue and Taxation Code is valid. That case is controlling here. The further contention that section 32 fallaciously infers that those who do not subscribe to the oath engage in the prohibited activity is without merit. The Legislature may properly require that a claimant perfect his application for a property tax exemption by compliance with reasonable regulations in implementation of section 1¼ of article XIII of the Constitution. (*Chesney* v. *Byram,* 15 Cal.2d 460, 465 [101 P.2d 1106].) ▮ Finally, the plaintiff's contention that the constitutional amendment violates section 24 of article IV of the Constitution, which provides that "Every act shall embrace but one subject, which subject shall be expressed in its title," is also without merit. Article IV of the Constitution deals with the "Legislative Department" and section 24 is intended to be and has been limited to legislative enactments under the Constitution. (See *McClure* v. *Riley,* 198 Cal. 23, 26 [243 P. 429] ; *Ex parte Haskell,* 112 Cal. 412, 421 [44 P. 725, 32 L.R.A. 527].)

No good reason appears why veterans should not be required to comply with the same reasonable regulations and conditions provided by section 32 of the Revenue and Taxation Code as are applied to all other included tax exemption claimants.

The judgment is affirmed.

Schauer, J., Spence, J., and McComb, J., concurred.

TRAYNOR, J., Dissenting.—For the reasons stated in my dissenting opinion in *First Unitarian Church* v. *County of Los Angeles, ante,* p. 419 [311 P.2d 508], I would reverse the judgment.

Gibson, C. J., concurred.

CARTER, J., Dissenting.—For the reasons stated in my dissenting opinion in *First Unitarian Church of Los Angeles* v. *County of Los Angeles, ante,* p. 419 [311 P.2d 508], I would reverse the judgment.