311 P.2d 546]

[S. F. No. 19322.   In Bank.   Apr. 24, 1957.]

LAWRENCE SPEISER, Respondent, v. JUSTIN A. RANDALL, as Assessor, etc., Appellant.

[S. F. No. 19323.   In Bank.   Apr. 24, 1957.]

LAWRENCE SPEISER, Respondent, v. MARY ELLEN FOLEY, as Assessor, etc., Appellant.

Francis W. Collins, District Attorney (Contra Costa), Thomas F. McBride, Assistant District Attorney, George W. McClure, Deputy District Attorney, and Clifford C. Anglim, City Attorney (El Cerrito), for Appellants.

Lawrence Speiser, in pro. per., and Joseph Landisman for Respondent.

Charles E. Beardsley and Stanley A. Weigel as Amici Curiae on behalf of Respondent.

SHENK, J.—This is an appeal by the defendants from a single judgment in two consolidated cases in which the common plaintiff, Lawrence Speiser, sought declaratory relief against the assessors of the county of Contra Costa and the

city of El Cerrito located in that county to the effect that section 19 of article XX of the Constitution and section 32 of the Revenue and Taxation Code are invalid and that he is entitled to the veterans' property tax exemption provided for in section 1¼ of article XIII of the Constitution notwithstanding the provisions of those enactments.

The material facts in these two cases are the same and appear by stipulation of the parties in the trial court. The plaintiff is a resident of the city of El Cerrito and the county of Contra Costa. He meets all of the requirements for the veterans' tax exemption except that in his application for the tax year 1954-1955 he failed and refused to subscribe to the nonsubversive oath contained in the application form supplied by the assessors pursuant to article XX, section 19 of the Constitution and section 32 of the Revenue and Taxation Code. His applications were rejected. He thereupon commenced these actions for declaratory relief. The trial court held that the constitutional provisions and the code section were invalid as an infringement upon the right of free speech guaranteed by the federal Constitution, and that section 32 was invalid for the reason that in failing to require an oath from the members of all groups otherwise entitled to tax exemptions an unreasonable classification was imposed. The judgment ordered that the plaintiff be granted the exemption.

The contentions urged on appeal in these cases are the same as those presented in *Prince* v. *City & County of San Francisco, ante,* p. 472 [311 P.2d 544]. For reasons stated in the opinions in that case and in *First Unitarian Church of Los Angeles* v. *County of Los Angeles, ante,* p. 419 [311 P.2d 508], the defendants should have prevailed.

The judgment is reversed.

Schauer, J., Spence, J., and McComb, J., concurred.

TRAYNOR, J., Dissenting.—For the reasons stated in my dissenting opinion in *First Unitarian Church of Los Angeles* v. *County of Los Angeles, ante,* p. 419 [311 P.2d 508], I would affirm the judgment.

Gibson, C. J., concurred.

CARTER, J., Dissenting.—For the reasons stated in my dissenting opinion in *First Unitarian Church of Los Angeles* v. *County of Los Angeles, ante,* p. 419 [311 P.2d 508], I would affirm the judgment.