[No. 14919.   Department Two. — January 13, 1893.]

PETER HANLEY, APPELLANT, *v.* SIXTEEN HORSES AND THIRTEEN HEAD OF CATTLE, RESPONDENT.

TRESPASSING ANIMALS — REPEAL OF STATUTE. — The act of the legislature of March 7, 1878, concerning animals trespassing upon private property, operated as a repeal of the act of February 4, 1874, relating to the same subject.

ID. — PROCEEDING IN REM — KNOWN OWNER. — A proceeding *in rem* against trespassing animals, where the owner is known to the plaintiff, cannot be maintained, since the passage of the act of 1878, in a county named in that act, though such proceeding might have been maintained therein under the act of 1874. Under the act of 1878, a proceeding *in rem* could be commenced only where the owner is not known.

STATUTES — REPEAL BY IMPLICATION — SUBSTITUTE FOR FORMER ACT. — Where it appears that an act of the legislature was intended by the legislature to be, and was, a substitute for a former act upon the same subject, the latter act operates as a repeal of the former, although there be in the latter act no express words repealing the former act by name.

APPEAL from a judgment of the Superior Court of Santa Barbara County.

The facts are stated in the opinion of the court.

*Wright & Day*, for Appellant.

*B. F. Thomas*, for Respondent.

McFARLAND, J.—The court below sustained the demurrer to the complaint, and plaintiff declining to amend, judgment, from which defendants appeal, was rendered for plaintiff.

The action is in the nature of a proceeding *in rem* against certain animals, under an act of the legislature, approved February 4, 1874, concerning animals trespassing upon private property, which was made applicable to several counties, including the county of Santa Barbara. Afterwards, on March 7, 1878, another act of the legislature upon the same subject was approved, which was made applicable also to several counties, including Santa Barbara, although all the counties in the latter act were not identical with those named in the first act. It was held by the court below that the first act was in conflict with the last one, and that the last act really repealed the first; and we think that the court was right in so holding.

The two acts are conflicting in many points. For instance, under the first act a proceeding *in rem* might be commenced against the animals, although their owner was known to the plaintiff, as was the case in this action; while under the act of 1878, a proceeding *in rem* could be commenced only in case the owner was not known. Moreover, it plainly appears that the act of 1878 embraces the whole subject of trespassing animals in the county of Santa Barbara, and was intended by the legislature to be, and was, a substitute for the first-named act. In such a case, the latter act operates as a repeal of the former, although there be in the latter act no express words repealing the former act by name.

(*Fraser* v. *Alexander*, 75 Cal. 147; *Treadwell* v. *Supervisors of Yolo Co.*, 62 Cal. 563, and cases there cited; *Murdock* v. *Memphis*, 20 Wall. 617.)

Judgment affirmed.

DE HAVEN, J., and PATERSON, J.. concurred.