[Crim. No. 218. In Chambers.—September 24, 1896.]

EX PARTE EDWARD ANEAR ON HABEAS CORPUS.

CRIMINAL LAW—VIOLATING FISH AND GAME LAW—JURISDICTION OF JUSTICE'S COURT—HABEAS CORPUS.—A justice's court has no jurisdiction of the offense of violating the fish and game law of the state, as found, in section 636 of the Penal Code as amended, its jurisdiction being limited to those cases where the imprisonment cannot exceed six months, nor the fine exceed five hundred dollars; and since the minimum punishment only is prescribed by that section, the punishment administered may be much greater than the limit of the jurisdiction of the justice's court, and a person convicted thereunder in that court must be discharged upon *habeas corpus*.

APPLICATION in the Supreme Court for a discharge from custody on a writ of *habeas corpus*.

The facts are stated in the opinion of the court.

O. R. Coghlan, for Petitioner.

GAROUTTE, J.—The prisoner asks to be discharged from custody upon *habeas corpus*. He was prosecuted and

convicted before a justice of the peace of Montezuma township, Solano county, for violating certain provisions of the fish and game law of this state, found in section 636 of the Penal Code as amended. (Stats. 1895, p. 262.) The statute declares a violation of any of the various provisions of that section to be a misdemeanor, and further declares that any person found guilty of a violation of any of its provisions shall be fined in a sum not less than one hundred dollars, or be imprisoned in a county jail in the county in which the conviction shall be had not less than one hundred days, or be punished by both such fine and imprisonment. The minimum punishment only being prescribed by the section, the justice's court had no jurisdiction to try a defendant charged with a violation of its provisions. The jurisdiction of a justice's court is limited to those cases where the punishment by imprisonment cannot exceed six months, nor the fine exceed five hundred dollars. This case does not come within that class, for the punishment administered in cases prosecuted under this section may be much greater. The district attorney invokes the aid of section 19 of the Penal Code, but it is clear he gets no relief there. That section by its terms is only applicable to cases where no different punishment is prescribed, and here a different punishment is prescribed.

For the foregoing reasons the prisoner is discharged.