[Civ. No. 4167. First Appellate District, Division Two.—February 10, 1922.]

M. J. McGRANAHAN, Petitioner, v. THE POLICE COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

[1] POLICE COURTS—SAN FRANCISCO—JURISDICTION OVER HIGH MISDEMEANORS.—The city and county of San Francisco, under chapter 8 of article V of its freeholders' charter, having accepted the authority tendered by section 8½ of article XI of the state constitution, the police court of that city and county has jurisdiction to hold an examination of a person charged with a violation of the Medical Practice Act (Stats. 1913, c. 354), the punishment for which offense may be a fine of six hundred dollars or imprisonment in the county jail for six months, or both, and if the proof adduced at that examination is sufficient, to hold the accused to appear before the superior court for trial.

PROCEEDINGS in Prohibition and Habeas Corpus to determine the jurisdiction of the Police Court of the City and County of San Francisco over high misdemeanors. Writs denied.

The facts are stated in the opinion of the court.

Theodore A. Bell and Sidney Rhein for Petitioner.

Harry A. Encell, Frank M. Smith and R. M. J. Armstrong for Respondent.

STURTEVANT, J.—The first case sounds in prohibition and the second is an application for a writ of *habeas corpus.* Both proceedings were instituted for the purpose of deter· mining the jurisdiction of the police court of the city and county of San Francisco over misdemeanors, the punishment for which may exceed a fine of five hundred dollars or six months in the county jail, or both. In the interest of clarity of expression, we will specially refer to the facts as presented in the prohibition proceeding, and the conclusion reached will rule both cases.

[1] The petitioner, William E. Conner, was charged, in a verified complaint, with having violated certain provisions of the Medical Practice Act (Stats. 1913, c. 354). By section 17 of that act the punishment may be a fine of six hundred dollars or imprisonment in the county jail for six months, or both. · The petitioner was, after his arrest, taken before the police court and that court set the case down for examination and threatens to proceed and hold an examination, and if the proof adduced at the examination is sufficient, to hold the petitioner to appear before the superior court for trial. If the jurisdiction of the police court in such a case is as broad as the jurisdiction of a justice of the peace, the writ should be denied. (*Ex parte Anear,* 114 Cal. 370 [46 Pac. 172].) If special powers have been conferred on the police court authorizing that court to try high misdemeanors, the police court should not hold an examination but should proceed to try the petitioner, and, in that event, the writ should issue. As defining the powers of the police court, the petitioner cites and relies upon chapter 15 of the Statutes of 1893. An examination of that statute will disclose that it provides for the constitution, regulation, government, and jurisdiction of police courts, and for the manner in which, the times at which, and the terms for which the judges of such courts shall be elected or appointed, and for the compensation of such judges, and of their clerks and attachés. By an amendment to the constitution on November 3, 1896, the identical power above defined was tendered to any freeholder convention called for the purpose of compiling a freeholder charter. (Const., art. XI, sec. 8½.) After the constitution had been so amended, a freeholder convention was called in San Francisco which prepared a charter which was approved by the

legislature and took effect January 8, 1900. Under chapter 8 of article V the authority tendered by article XI, section 8½, of the constitution was accepted. The subject matter of the act of 1893 thereupon became the subject matter of the charter. Section 2 of said chapter, among other things, provided as follows: "The police court of the city and county of San Francisco shall have jurisdiction: . . . 4. Said court or any judge thereof shall have the same powers in all criminal actions, cases, examinations, and proceedings as are now or are hereafter conferred by law upon justices of the peace." In section 8 of article XI of the constitution, it is provided that a charter so adopted "shall become the organic law thereof, and supersede any existing charter and all amendments thereof, and all laws inconsistent with such charter." In the leading case entitled *Murdock* v. *City of Memphis*, 20 Wall. (U. S.) 590, 617 · [22 L. Ed. 429, see, also, Rose's U. S. notes], the supreme court of the United States said: "We are of opinion that it was their intention to make a new law so far as the present law differed from the former, and that the new law embracing all that was intended to be preserved of the old, omitting what was not so intended, became complete in itself and repealed all other law on this subject embraced within it." That rule obtains in California whether the latter law contains a repealing clause or otherwise. (*Hanley* v. *Sixteen Horses, etc.*, 97 Cal. 182, 183 [32 Pac. 10].) We are not concerned in this case as to whether a repeal of the act of 1893 resulted from the enactment of the charter. Let us assume that the police court created by the act of 1893 is still in existence. Nevertheless, it is quite clear that such entity is not the entity created by the charter and it is the police court that was created by the charter that is a party to this proceeding. If anyone would contend that the police court created by the act of 1893 is in existence and should take jurisdiction of any certain matter, that question might be examined into in an appropriate proceeding, but cannot be examined into in this proceeding. (*People* v. *Williamson*, 135 Cal. 415, 419 [67 Pac. 504].)

The petitioner claims that the grant of power, concerning police courts, conveyed to the freeholder convention was intended to be limited to "municipal affairs." The first answer to that claim is that the language of section 8½ of

article XI of the constitution which we have cited above is presumed to be correct and exact. Again, the limited meaning contended for is not suggested by any words written in the section which we are called upon to construe. To rule with the petitioner, we must write the words in. Furthermore, if we so hold, we must strike out of the charter subdivision 3, section 2, chapter 8 of article V, which reads as follows: "Said court, or any judge thereof, shall have the same powers in all criminal actions, cases, examinations and proceedings as are now or may hereafter be conferred by law upon Justices of the Peace." We have no right under the law to interpolate the words mentioned or to strike out the provision just quoted except for most cogent reasons. In *Boca Mills Co.* v. *Curry*, 154 Cal. 326, at page 338 [97 Pac. 1117, 1123], the court said: "If the language used plainly and unequivocally shows a certain and definite purpose to be accomplished thereby, it is the duty of the courts to so construe it as to carry that purpose into effect."

The petitioner argues that if his contention is not conceded that then there is no law authorizing the police court to either examine or to try a defendant for any offense except to try a charge of having violated an ordinance enacted by the board of supervisors. Not so. The charter expressly imposes such duties upon the police courts. If the charter did not do so then there is, and was at all times, in San Francisco a full set of officers holding offices created by the legislature and on whom the legislature has imposed the duty of making arrests, holding examinations and conducting trials. In other words, San Francisco has every single officer that any outside county has with the exception of the township office of constable; and if the charter machinery is not sufficient to provide for enforcing the criminal laws, the legislative machinery is sufficient. (*Kahn* v. *Sutro*, 114 Cal. 316 [33 L. R. A. 620, 46 Pac. 87]; *In re Mitchell*, 120 Cal. 384, 390 [52 Pac. 799], *Ex parte Anear*, 114 Cal. 370 [46 Pac. 172].) *Robert* v. *Police Court*, 148 Cal. 131 [82 Pac. 838], in effect, held that the police court should do as the respondent is about to do, examine the charge and leave the trial thereof to be had in the superior court. *Matter of Application of Westenberg*, 167 Cal. 309 [139 Pac. 674], had to do with the law applicable to the city of Oakland. That city is governed by a freeholder

charter. (Stats. 1911, p. 1551.) By section 199 of its charter, "the existing police court of the city shall continue as it now exists until otherwise provided by law. Said police court shall have exclusive jurisdiction of all misdemeanors punishable by fine or imprisonment or by both said fine and imprisonment, committed in the city where said police court is held; and in all such cases to hear, try and determine the same, convict or acquit, pass and enter judgment and carry such judgment into execution as the case may require, according to law." By section 2 of chapter 164 of the Statutes of 1885, "The police court [of Oakland] shall have exclusive jurisdiction of the following public offenses committed in the city: . . . 3. . . . all misdemeanors punishable by fine or by imprisonment, or by both such fine and imprisonment." It will thus be observed that, before the charter, the legislature had conferred on the police court of Oakland powers to try high misdemeanors, and that by its charter that police court was continued in existence with the powers so conferred upon it. When, therefore, Westenberg was charged with having committed a criminal libel in the city of Oakland, it was held that the police court had jurisdiction to try the charge, and upon his conviction to sentence him in the manner provided by law. In *People* v. *Cory,* 26 Cal. App. 735 [148 Pac. 532], the defendant was charged with the crime of conspiracy, a high misdemeanor. Los Angeles was organized under a freeholder charter before section 8½ of article XI of the constitution was adopted. The provision contained in the charter of Los Angeles organizing and establishing a police court was, in 1890, adjudged invalid as being the exercise of a power not conferred. That city stands, therefore, in the position as though it never had provided for a police court. Not having provided for a police court, it is subject to general laws. (*Fragley* v. *Phelan,* 126 Cal. 383, 395 [58 Pac. 923].) By act of the legislature (Stats. 1901, p. 95) the police court of the city of Los Angeles was given exclusive jurisdiction of all misdemeanors punishable by fine or imprisonment when the offense was *committed in the city where such police court is held.* The conspiracy as charged was ripened into a crime by reason of an overt act which was committed *in the city of Pasadena.* Accordingly, the court held that the police court of Los Angeles had not been given power to

try the case and that the jurisdiction to try the case rested in the superior court. It was also held that as the police court of Pasadena was given only such jurisdiction as is vested in a justice's court that the police court of Pasadena had no jurisdiction to try a high misdemeanor. *People* v. *Fortch,* 13 Cal. App. 770 [110 Pac. 823], is more nearly in point. The defendant was charged with a high misdemeanor, namely, the violation of the Dentistry Act (Stats. 1909, p. 800). The charge was examined by the police court of San Francisco and the defendant was held to answer in the superior court, and in that court he was convicted and from the judgment of conviction he appealed. On appeal he made the point that the superior court had no jurisdiction to try him. It was held that the superior court had not exceeded its jurisdiction. The case fully supports the views we have expressed above.

The application for a writ of prohibition is denied, and the application for a writ of *habeas corpus* is denied, and the petitioner is remanded.

Nourse, J., and Langdon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 8, 1922.

All the Justices concurred.