[Application No. 5189. Second Appellate District, Division One.— June 21, 1928.]

In the Matter of the Application of AUGUST WEYMANN for Admission to Practice as an Attorney and Counselor at Law.

August Weymann, *in pro. per.,* for Petitioner.

R. H. Purdue for Respondent Los Angeles Bar Association.

CONREY, P. J.—On the fifth day of January, 1927, petitioner filed his application for admission to practice law in this state, the application being based upon a certificate showing his admission to practice law in the state of New York. On the seventh day of November, 1927, the state board of bar examiners filed its report recommending that the application be denied, solely on the ground of insufficient practice for three years within the period of seven years immediately preceding the filing of his application. (Code Civ. Proc., sec. 279.) On the twenty-eighth day of May, 1928, pursuant to notice, the applicant pre-

sented his motion that he be admitted to practice notwithstanding said adverse recommendation.

It will not be necessary to pass upon the sufficiency of the evidence offered by the applicant to show that he had in fact practiced law for the necessary period of time as claimed by him if, as contended by respondent, this court is now without authority to grant an application of this kind.

The legislature at its session of the year 1927 adopted the statute known as the "State Bar Act." (Stats. 1927, p. 38, Deering's 1927 Supp. to Gen. Laws, Act. 591.) Prior to the organization of the state bar of California in accordance with the provisions of that act, the subject of admission to the practice of law in this state, including the procedure therefor, was governed by the provisions of the Code of Civil Procedure. Under sections 276 and 277, the applicant was required to apply for admission to the district court of appeal of the appellate district in which he resided, and the admission to practice was made by order of that court. The conditions on which attorneys might be admitted who previously had been admitted to practice law in the highest court of a sister state were defined in Code of Civil Procedure, section 279. Pursuant to the provisions of the State Bar Act, organization of the State Bar of California was completed on the eighteenth day of November, 1927.

The State Bar Act is entitled "An act to create a public corporation to be known as 'The state bar of California,' to provide for its organization, government, membership and powers, to regulate the practice of law, and to provide penalties for violations of said act." The act by its terms creates the corporation, and provides that its first members "shall be all persons now entitled to practice law in this state." It is further provided in section 7: "After the organization of the state bar, as herein provided, all persons who are admitted to practice in accordance with the provisions of this act shall become by that fact members of the state bar." Section 24 reads as follows: "Admission to the bar. With the approval of the supreme court, and subject to the provisions of this act, the board shall have power to fix and determine the qualifications for admission to practice law in this state, and to constitute and appoint a committee

of not more than seven members with power to examine applicants and recommend to the supreme court for admission to practice law those who fulfill the requirements. With the approval of the supreme court the board shall have power to fix and collect fees to be paid by applicants for admission to practice, which fees shall be paid into the treasury of the state bar; provided, however, that until otherwise fixed and determined, the requirements for admission to practice under this act shall be the same as those now prescribed by the supreme court for admission to practice in this state and shall be enforced as the same now are enforced through the state board of bar examiners.''

It is contended by the applicant herein that the State Bar Act does not divest the district courts of appeal of the jurisdiction conferred by section 279 of the Code of Civil Procedure to admit attorneys from other states to practice. He points out that there is no express repeal of said section 279; and he contends that the State Bar Act and chapter I, title 5, part I, of the Code of Civil Procedure are statutes *in pari materia* and are to be construed together and both given force and effect as far as possible, and that even if section 24 of the State Bar Act be held to vest jurisdiction in the supreme court to admit attorneys and counselors to practice, it does not *ipso facto* divest the district courts of appeal of the jurisdiction they formerly had. It is said by the applicant in his brief that the provisions of the Code of Civil Procedure embody a complete and comprehensive scheme for establishing the legal status of attorneys at law, defining generally the prerequisites for admission, and granting authority to the courts, or to such agencies as the courts by authority of the legislature may create for that purpose, to carry those provisions into effect. With this statement as to the nature of those provisions we agree; but the same statement is equally applicable to the State Bar Act. The fact that this later legislation has for its object the substitution of a complete and comprehensive scheme in the place of the former provisions, constitutes the principal ground upon which we base our opinion that the enactment of the State Bar Act is in itself an implied repeal of all of the provisions of the Code of Civil Procedure which provided for the admission of attorneys by the district courts of appeal.

The right or privilege of exercising the vocation of attorney and counselor at law is a right or privilege which the legislature has the power to bestow, or to empower the judicial department of the state government to bestow, upon such terms as are deemed consistent with the nature and purpose of the right or privilege to be exercised. (*In re Collins,* 188 Cal. 701, 704 [32 A. L. R. 1062, 206 Pac. 990]; *Matter of Mock,* 146 Cal. 379 [80 Pac. 64].)

It being thus established that the subject matter under consideration is entirely within legislative control, it only remains to consider whether or not the statute has in fact repealed the code provisions relating to that same subject matter although there are no express words of repeal.

"While it is true that repeals by implication are not favored, whenever it becomes apparent that a later statute is revisory of the entire matter of an earlier statute, and is designed as a substitute for it, the later statute will prevail, and the earlier statute will be held to have been superseded, even though there be found no inconsistencies or repugnancies between the two." (*Mack* v. *Jastro,* 126 Cal. 130, 132 [58 Pac. 372, 373]; *Suydam* v. *Los Angeles Ry. Co.,* 27 Cal. App. 157, 161 [149 Pac. 55, 57]; 23 Cal. Jur., p. 702; *McGranahan* v. *Police Court,* 56 Cal. App. 372, 374 [205 Pac. 98].) We are of the opinion that in accordance with the principles stated in the foregoing decisions the entire subject of admission of attorneys and counselors to the practice of law in this state is now governed in accordance with the provisions of the State Bar Act, and that the district courts of appeal are without authority at this time to make orders of admission to the practice of law in this state.

The foregoing conclusion has been reached upon the presumption that the State Bar Act is not an act in any respect violative of the provisions of the constitution of the state. It is contended by the applicant here that in so far as the State Bar Act may purport to divest the district courts of appeal of jurisdiction to admit attorneys and counselors it is unconstitutional and void; and particularly that the statute is violative of the constitutional provision that every act shall embrace but one subject, which subject shall be expressed in its title. (Const., art. IV, sec. 24.) The applicant claims that the subject expressed in the State

Bar Act is not logically germane to the subject of divesting the district courts of appeal of jurisdiction to admit attorneys and counselors to practice. We have quoted in full the title of the State Bar Act. The applicant contends that the phrase "to regulate the practice of law," as contained in said title, should be construed as meaning "to regulate the practice of lawyers," and not to include the admission of persons to the practice of law or the limitation of the authority of the courts in relation to the admission of attorneys to practice. We are of the opinion that the quoted phrase is sufficiently comprehensive in itself to include the admission of attorneys to practice; and, further, that when taken in connection with the preceding words of the title all doubt is removed. The subject of the act as a whole is of such unity, and so completely interrelated in all of its parts that it constitutes but "one subject," within the meaning of those words as used in the constitution.

"It is now well settled that the constitutional provision requiring the subject of the act to be expressed in its title must be liberally construed, and that all that is required to be contained therein in order to meet the constitutional requirement is a reasonably intelligent reference to the subject to which the legislation of the act is to be addressed. It is not necessary that it should 'embrace an abstract or catalogue of its contents.' " (*Estate of McPhee,* 154 Cal. 385, 389 [97 Pac. 878, 880].) See, also, *Matter of Schuler,* 167 Cal. 282, 293 [Ann. Cas. 1915C, 706, 139 Pac. 685], applying to the Motor Vehicle Act (Stats. 1923, p. 517), and its title the "broad interpretation" given by the supreme court to said section of the constitution. In *Matter of Maginnis,* 162 Cal. 200, 203 [121 Pac. 723, 725], the supreme court said: "The particular requirement that acts should contain but a single subject, which should be expressed in the title, was, no doubt, intended to guard against the inclusion in a single or general act of various disconnected provisions—a practice which might well prevent the consideration upon its own merits of legislation on each of the various subjects embraced in the bill. Thus, the constitution of New Jersey prefixes to a similar provision a recital that its purpose is 'to avoid improper influences which may result from intermixing in one and the same act such things as have no proper relation to each other.'

(See Cooley on Constitutional Limitations, 7th ed., p. 203.) All of these limitations are to receive 'a reasonable, and not a narrow construction.' (*Abeel* v. *Clark*, 84 Cal. 226 [24 Pac. 383]; *Ex parte Liddell*, 93 Cal. 633 [29 Pac. 251].) The requirement that an act shall not contain more than one subject does not mean that a number of specific provisions, all designed to aid in the accomplishment of a single purpose, may not be united in one act. . . . In *Ex parte Kohler*, 74 Cal. 38, 41 [15 Pac. 436 (437)], it was said: 'However numerous the provisions of an act may be, if they can be fairly considered as falling within the subject-matter of legislation, or as proper methods for the attainment of the end sought by the act, there is no conflict with the constitutional provision.' '' Again: ''Where the body of an act embraces provisions which are germane to the general subject stated in its title, the title will be held sufficient to comprehend all of the provisions of the act itself; and where the title suggests to the mind the field of legislation which the text of the act includes, the title will not be held misleading or insufficient, or the act restricted in its operation.'' (*People* v. *Jordan*, 172 Cal. 391, 394 [156 Pac. 451, 453].) Again: ''The provisions of the various constitutions relating to the subject matter and title of acts should be ' construed liberally to uphold proper legislation, all parts of which are reasonably germane on the one hand, and to prevent trickery on the other hand. The restrictions requiring the subject of an act to be expressed in its title should be reasonably construed, considering substance rather than form, to require the expression in the title of the general object but not the details or incidents, or means of effecting the object sought, and to include the subject and not the purpose of the act and the reasons which brought about the enactment of it by the legislature.'' (*McClure* v. *Riley*, 198 Cal. 23, 26 [243 Pac. 429, 430].) In the foregoing case of *McClure* v. *Riley* this rule of liberal construction was applied in relation to the title of an act appropriating money for the completion of the construction, etc., of state buildings in the city of Sacramento. The court pointed out that, in determining whether the subject matter embraced within the body of a legislative act is sufficiently referred to in its title, in conformity with the foregoing rule of interpretation, the court

was entitled to look to the history of the particular legislation to which the act in question, when read as a whole, relates. If in like manner we look to the history of the particular legislation to which the State Bar Act relates, the result of that historical view strongly tends to support the conclusion that the State Bar Act, both as indicated in its title and more fully embraced in the body of the act, was intended to legislate concerning the entire subject indicated, covering and including the method of admission of attorneys and counselor to the practice of law in this state.

In accordance with the foregoing opinion, the application of petitioner is dismissed, without prejudice and solely upon the ground that this court is without authority to act on the merits of the application.

Houser, J., and York, J., concurred.

An application by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 20, 1928.

All the Justices present concurred.