[S.F. No. 23638. Nov. 18, 1977.]

ALLEN JACOBS, Plaintiff and Appellant, v.
THE STATE BAR OF CALIFORNIA, Defendant and Respondent.

COUNSEL

Olsen & Sorrentino, Gary K. Olsen and Christopher M. Gilman for Plaintiff and Appellant.

Herbert M. Rosenthal, Stuart A. Forsyth and Ronald W. Stovitz for Defendant and Respondent.

---

OPINION

THE COURT.—We consider whether superior courts have jurisdiction to review proceedings which a local committee of the State Bar has undertaken in connection with the preliminary investigation of attorney misconduct. Specifically, we must decide whether the superior courts, on application by the attorney under investigation, may inquire into the validity of a subpoena duces tecum issued by a local committee despite the fact that the committee has not yet sought judicially to enforce the subpoena. As will appear, we conclude that by reason of their limited statutory jurisdiction over such preliminary investigations, superior courts have no authority to review the validity of such subpoenas until the State Bar or its local committee seeks enforcement thereof.

Plaintiff, Allen Jacobs, is an attorney licensed to practice law in California. Pursuant to statutory authority (Bus. & Prof. Code, §§ 6040-6053, 6075-6087; all statutory references are to that code unless otherwise cited) and in its capacity as the administrative arm of the California Supreme Court (*Emslie* v. *State Bar* (1974) 11 Cal.3d 210, 224 [113 Cal.Rptr. 175, 520 P.2d 991]), the State Bar is conducting a preliminary investigation to ascertain whether probable cause exists for the issuance of formal disciplinary charges against Jacobs. (See Rules Proc. of State Bar, former rules 21-24; present rules 12.10-12.40; further reference herein to "rules" will be to the Rules of Proc. of the State Bar.)

In the course of this investigation, a local committee of the State Bar issued a subpoena duces tecum addressed to Michael Nolden. Attached to the subpoena was a declaration, executed under penalty of perjury by State Bar Staff Attorney John R. Jones, asserting in part that "there is presently pending before this committee a matter involving alleged professional misconduct on the part of attorneys in their relations and dealings with Dr. John Winston, Jr.," and that "I am informed and

believe and thereupon allege that Michael Nolden has in his possession or control files, documents and papers relating to said attorneys which are relevant and material to the hearing in this matter." The subpoena required Nolden to appear before the local committee at a time and place therein designated and to bring with him "[a]ny and all files, documents and papers in your possession or under your control belonging to Dr. John Winston, Jr., which contain billings to one or more of the following attorneys: . . ." The list contained the names of 30 attorneys, including plaintiff Jacobs.

Although the record on appeal does not reveal whether Nolden failed to comply with the subpoena, the local committee made no attempt to enforce compliance by proceeding in superior court (see § 6051). Despite the committee's inaction, Jacobs sought an injunction in superior court to restrain both the investigation and the enforcement of the subpoena on the grounds that these proceedings constituted an invasion of his privacy and an abuse of process. The trial court, after determining that it had jurisdiction over the controversy, nevertheless concluded that Jacobs was not entitled to relief and denied a preliminary injunction. Jacobs appeals. (Code Civ. Proc., § 904.1.)

The State Bar and its local committees have the statutory power to "[c]ompel, by subpoena, the attendance of witnesses and the production of books, papers and documents pertaining to the [disciplinary] proceedings." (§ 6049, subd. (c).) A person under subpoena who fails to appear or to produce documents is deemed to be in contempt. (§ 6050.) To enforce the subpoena against such person, the local committee "shall report the fact" of the contumacious behavior to the appropriate superior court which may issue either an "attachment" of the person, directed to the county sheriff, or an order to show cause. (§ 6051.) In either case, the subpoenaed party has an opportunity to purge himself of contempt or otherwise to defend the failure to obey the subpoena. (*Id.*) According to the State Bar, in addition to the foregoing procedures, the subpoenaed party or an interested third person may file a motion to quash with the local committee as an alternative to disobeying the subpoena. Neither Jacobs nor Nolden filed such a motion.

In the present case, the local committee, for undisclosed reasons, neither initiated contempt proceedings under section 6051 nor reported to the superior court that Nolden had failed to comply with the subpoena. Nevertheless, Jacobs filed his own action in superior court seeking (1) to restrain the investigation and (2) to annul the subpoena.

The State Bar has contended throughout these proceedings that the superior court lacks jurisdiction solely on Jacobs' application to review either the investigation or the subpoena. Under the State Bar's theory, the superior court's jurisdiction to conduct such a review is limited by statute to those situations in which the local committee seeks to enforce its subpoena by reporting the contumacious act to the superior court. We agree.

This court has sole original jurisdiction to disbar or suspend an attorney. (§ 6100.) In 1951, the Legislature excluded other courts from exercising such jurisdiction by striking language from section 6100 which conferred jurisdiction upon the Courts of Appeal and the superior courts. (See *In re Weymann* (1928) 92 Cal.App. 646 [268 P. 971].) To assist us in carrying out our responsibilities in disciplinary proceedings, the Legislature established a method whereby the State Bar may exercise "a complete alternative and cumulative" means of hearing and determining accusations against attorneys. (§ 6075; see *Johnson* v. *State Bar* (1935) 4 Cal.2d 744 [52 P.2d 928].) Although we retain inherent power to control disciplinary matters, the State Bar, as the court's administrative arm, has statutory authority to conduct such proceedings. (*Emslie* v. *State Bar, supra,* 11 Cal.3d 210, 224-225.)

The foregoing procedure is designed to provide an efficient method of protecting the public, the courts, and the legal profession from those attorneys who do not "measure up to their responsibilities." (*Dudney* v. *State Bar* (1937) 8 Cal.2d 555, 563 [66 P.2d 1199].) To allow attorneys to initiate superior court proceedings to circumvent or "shortcut" this function, especially at the investigatory stage, would tend to jeopardize the integrity of the process. The State Bar accordingly urges us to hold that the superior court's jurisdiction is limited to cases in which enforcement of subpoenas is sought.

The present controversy arose because Jacobs attempted to enjoin a preliminary investigation into his professional activities. Preliminary investigations are informal matters conducted in confidence for the purpose of determining whether probable cause exists to issue an order to show cause. (Former rule 21(a); present rule 12.10.) Such an order marks the commencement of formal disciplinary action. (Former rule 25; present rule 14.20.) If an attorney under investigation was permitted to initiate superior court intervention in order to obtain a ruling on the question of probable cause the authority of the State Bar would be severely undermined. Under such a practice, contrary to the legislative

mandate, the superior court, not the State Bar, would be entrusted with the decision whether probable cause existed, and whether the State Bar should be permitted to continue its investigation and institute formal proceedings.

The State Bar also insists that permitting an attorney to invoke superior court intervention in the manner sought herein could have undesirable effects upon the administration of the bar disciplinary process, including further delays in investigating and disposing of disciplinary matters, contrary to the interests of both the attorney under investigation and the general public as well. Moreover, court action would entail considerable additional expense to the State Bar and its members, and would present the danger of possible breaches of confidentiality during the investigative phase through inadvertent or intentional disclosures in court pleadings and testimony.

In addition to the foregoing policy considerations which support the State Bar's exclusive jurisdiction to determine probable cause, the present statutory provisions also sustain the State Bar's position regarding the limited jurisdiction of the superior courts over disciplinary matters. Section 6051, upon which Jacobs primarily relies, clearly seems restricted to contempt proceedings initiated *by the State Bar* to enforce compliance with its subpoenas. It will be observed that the section deals solely with the superior court's power to issue attachments or orders to show cause once the State Bar or local committee has reported an alleged contempt. In fact, the section recites that "the superior court has jurisdiction of the matter" once the return of the attachment and production of the person attached has occurred, implying that court jurisdiction over disciplinary matters is limited to contempt proceedings. (In this connection, section 6051 provides that the proceedings initiated thereunder shall be entitled " 'In the Matter of (state name), *Alleged Contemnor* . . .' "; italics added.)

Jacobs points out that section 6051 seemingly makes it mandatory for the State Bar or local committee to bring contempt proceedings, for it provides that the State Bar or committee "*shall* report the fact" of contempt to the superior court. (Italics added.) In Jacobs' view, the superior court has jurisdiction to review the subpoena despite the State Bar's failure to report the contempt. However, we construe the use of the word "shall" as directory in this context, for certainly the Legislature did not intend to foreclose the State Bar or local committee from exercising its discretion in determining whether or not to enforce a subpoena.

As we have held, whether the word "shall" in a statute is to be construed as mandatory or directory depends upon ascertainment of the probable legislative intent. (E.g., *Carter* v. *Seaboard Finance Co.* (1949) 33 Cal.2d 564, 573 [203 P.2d 758].)

Nor do we find convincing Jacobs' argument that superior court jurisdiction is necessary to provide attorneys with an opportunity to be heard in connection with on-going investigations of this kind. The rules of procedure require that an attorney under investigation be given an opportunity to be heard in the course of the preliminary investigation. (Former rule 20(a); present rule 12.30.) Moreover, if a subpoena has issued, the State Bar acknowledges that the attorney under investigation may file a motion to quash with the investigating committee. (We note, however, that the availability of such a motion to quash does not appear on the face of any State Bar rule of procedure, and we hereby direct the State Bar to take the necessary steps to assure that its members become aware of such procedure.) Once remedies available from the local committee are exhausted, any decision by the State Bar related to disciplinary matters is reviewable by us under California Rules of Court, rule 952(c). (*Brotsky* v. *State Bar* (1962) 57 Cal.2d 287, 297 [19 Cal.Rptr. 153, 368 P.2d 697, 94 A.L.R.2d 1310].)

In summary, we conclude that we must preserve the apparent legislative policy to limit jurisdiction in attorney disciplinary actions to this court, and to the State Bar, acting as our administrative arm. Consequently, we hold that, unless and until the State Bar seeks to enforce its subpoena, superior courts have nò jurisdiction to review the validity thereof. The rules of procedure contain substantial procedural safeguards in disciplinary actions. (*Emslie* v. *State Bar, supra,* 11 Cal.3d 210, 226.) These safeguards, coupled with the opportunity to have State Bar decisions reviewed by us, provide, in our view, sufficient means by which the rights of attorneys under investigation can be amply protected.

Since the court lacked jurisdiction to entertain this proceeding, the order is reversed and the trial court directed to dismiss the proceeding. Respondent shall recover its costs on this appeal. (See *In re McGee* (1951) 37 Cal.2d 6, 7-11 [229 P.2d 780].)

On December 15, 1977, the opinion was modified to read as printed above.