[No. C000278. Third Dist. Nov. 18, 1986.]

In re CHARLES B., JR., et al., Persons Coming Under the Juvenile Court Law.
CHILDREN'S PROTECTIVE SERVICES OF THE BUTTE COUNTY DEPARTMENT OF SOCIAL WELFARE, Plaintiff and Appellant, v. CHARLES B., SR., et al., Defendants and Respondents.

1206

COUNSEL

Harvey Wallace, County Counsel, and Daniel G. Montgomery, Deputy County Counsel, for Plaintiff and Appellant.

James Wurschmidt and Robert C. Wright, under appointments by the Court of Appeal, for Defendants and Respondents.

OPINION

CARR, Acting P. J.—In this dependency proceeding, the issue on appeal is whether the time limit prescribed by section 366.2 of the Welfare and Institutions Code for the filing of a report by the probation or other officer for status review hearings is jurisdictional.[1]

At the six-month status review hearing herein, the trial court dismissed the dependency proceedings of Charles and Shannon B. on the sole ground the Children's Protective Services (petitioner herein) failed to submit and serve the report in question within the specified time.[2]

Petitioner's subsequent motion to set aside this order was denied and petitioner appeals from these rulings. We conclude the time limitations are directory, not mandatory, and therefore not jurisdictional. We shall reverse.

PROCEDURAL BACKGOUND[3]

On June 21, 1985, the court convened for a six-month status review hearing. The social worker's report had recommended the minors be placed in their mother's custody. Petitioner advised the court that one day earlier, on June 20, the minors' mother informed the social worker that she was

---

[1] All further statutory references are to the Welfare and Institutions Code. The identical issue is presented in the companion case of *In re Regina D.* et al. (unpub. opn. 3 Civil 25440).

[2] Section 366 requires that the status of every dependency child be previewed by the trial court periodically but with no less frequency than six months.

Section 366.2, subdivision (c), as pertinent, provides: "At least 16 days prior to the hearing the probation officer shall file a supplemental report with the court regarding the services offered to the family, the progress made, and, where relevant, the prognosis for return of the minor to the physical custody of his or her parent or guardian, and make his or her recommendation for disposition. The probation officer shall provide the parent or parents with a copy of the report, including his or her recommendation for disposition, at least 14 days before the hearing. In the case of a minor removed from the physical custody of his or her parent or guardian, the probation officer shall provide a summary of his or her recommendation for disposition to the foster parents, community care facility, or home-finding agency having the physical custody of the minor at least 14 days before the hearing. This subdivision does not apply to the minor if he or she has been removed from the physical custody of his or her parent or guardian because of severe physical abuse pursuant to paragraph (5) of subdivision (b) of Section 361, and the court has found pursuant to subdivision (c) of Section 366 that attempts at reunification with his or her parent or guardian would be detrimental."

[3] The record on appeal consists only of the clerk's and reporter's transcripts from the two hearings at issue in this appeal. No factual background has been provided, nor are the dates of the jurisdictional and dispositional hearings known.

leaving the area and was unable to take the children. Petitioner requested a two-week continuance to devise an alternative plan.

The minors' father (respondent) objected to a continuance. He contended the provisions of section 366.2, subdivision (c), requiring petitioner to file its report with the court at least 16 days before the hearing and to provide a copy of the report to the minors' parents at least 14 days before the hearing, were mandatory. Asserting that neither of these requirements had been met,[4] respondent's counsel, without any prior notice to the court or parties, moved to dismiss the dependency proceedings on this ground.

Petitioner requested an order shortening the time for serving respondent with the report, which would permit the review hearing to be held within six months of the dispositional hearing as required by law.

The court dismissed the proceedings stating, "The Court doesn't feel if Child Protective Services makes a mistake or doesn't comply with the code section, that inasmuch as the Court would like to do what is in the best interest of the child, the Court doesn't think that it can use its powers to alleviate a mistake made by one party to a lawsuit."

In denying petitioner's subsequent motion for relief from the order of dismissal, the court noted, "I know that you are aware of the fact that the Court didn't want to dismiss these matters and did so on what it considered a procedural technicality." The court then stated it was denying petitioner's motion "with great reluctance because I don't think justice is served and [sic] the interest of these minors going on the Court's previous matter and by the court order today[.]"

This appeal followed.[5]

## DISCUSSION

We find merit in petitioner's contention the court erred in dismissing the dependency proceedings and in refusing to grant a continuance.

According to the directives of section 366.2, subdivision (c), the probation officer (1) "shall file" a supplemental progress report with the court at least

---

[4]The court's minutes reflect the report was filed on June 6, 1985, 15 days before the hearing. Counsel asserted respondent never received a copy of the report.

[5]This court questioned whether the appeal herein was properly taken as no order of dismissal was ever signed by the trial court and filed as discosed by the record. A supplemental brief was done on this issue by the parties. To preclude any problem, we order a judgment of dismissal entered and treat the merits of the appeal.

16 days before the status review hearing, and (2) "shall provide" the parents with a copy of the report at least 14 days before the hearing.[6] Respondent contends this mandatory language is jurisdictional in nature, compelling dismissal in the event of a failure to comply. He errs.

Respondent has erroneously assumed that all statutory duties prefaced by "shall" are mandatory and the consequences of failure to perform are therefore dismissal or similar drastic remedies. The language of section 366.2, subdivision (c) that the probation officer "shall file" and "shall provide" is obligatory and not permissive. (See § 15.) The filing of a progress report is required and not a matter left to petitioner's discretion. ▆ But this appeal centers on an entirely separate issue, i.e., the consequences for failing to comply with this requirement, and this in turn depends on whether the requirement is directory or mandatory. The Supreme Court explained this distinction this way: " '. . . the "directory" or "mandatory" designation does not refer to whether a particular statutory requirement is "permissive" or "obligatory," but instead simply denotes whether the failure to comply with a particular procedural step will or will not have the effect of invalidating the governmental action to which the procedural requirement relates. [Citations.]' (*Morris* v. *County of Marin* (1977) 18 Cal.3d 901, 908 [136 Cal.Rptr. 251, 559 P.2d 606], fn. omitted.) If the failure to comply with a particular procedural step does not invalidate the action ultimately taken, as determined by applying certain tests . . ., the procedural requirement is referred to as 'directory.' If, on the other hand, it is concluded that noncompliance does invalidate subsequent action, the requirement is deemed 'mandatory.' (*Id.,* at p. 909.)" (*Edwards* v. *Steele* (1979) 25 Cal.3d 406, 409-410 [158 Cal.Rptr. 662, 599 P.2d 1365].)

▆ Courts have generally held time requirements to be directory rather than mandatory or jurisdictional, absent a clearly expressed contrary intent. (*Id.,* at p. 410; *Garcia* v. *Los Angeles County Bd. of Education* (1981) 123 Cal.App.3d 807, 811 [177 Cal.Rptr. 29].) ▆ " 'In order to determine whether a particular statutory provision . . . is mandatory or directory, the court, as in all cases of statutory construction and interpretation, must ascertain the legislative intent. In the absence of express language, the intent must be gathered from the terms of the statute construed as a whole, from the nature and character of the act to be done, and from the consequences which would follow the doing or failure to do the particular act at the required time. [Citation.] When the object is to subserve some public purpose, the provision may be held directory or mandatory as will best accomplish that purpose

---

[6]By its own terms, section 366.2, subdivision (c) does not apply if the minor has been removed from parental custody due to severe physical abuse (see § 361, subd. (b)(5)) and the court has found attempts at reunification would be detrimental. (See § 366, subd. (c).) The sparse record in this case does not suggest this exemption might be applicable.

[citation]. . . ." (*Morris* v. *County of Marin* (1977) 18 Cal.3d 901 at p. 910 [136 Cal.Rptr. 251, 559 P.2d 606], quoting *Pulcifer* v. *County of Alameda* (1946) 29 Cal.2d 258, 262 [175 P.2d 1]; see also *People* v. *Callegri* (1984) 154 Cal.App.3d 856, 866-867 [202 Cal.Rptr. 109].)

■ Under these guidelines, we conclude the Legislature did not intend section 366.2, subdivision (c) to be mandatory in the jurisdictional sense.

The statute does not provide a penalty or consequence for noncompliance, nor is there any suggestion the Legislature intended to strip the court of jurisdiction in the event of a delay by the probation officer. (See *Edwards* v. *Steele, supra,* 25 Cal.3d at p. 410.) Other pertinent statutes indicate precisely the opposite. Section 352 authorizes the court to continue any hearing beyond specified time limits as long as the continuance is not contrary to the interests of the minor.[7] (See also Cal. Rules of Court, rules 1376(b) and 1378(e), allowing a 48-hour continuance at the request of the minor, parent or guardian if the progress report has not been timely furnished.) Section 202 sets forth the purposes of the Juvenile Court Law and emphasizes the need to act in the minors' best interests.[8] A dismissal based solely on the late filing of a progress report, without regard for the best interests of the minors, defeats the purposes behind dependency proceedings.

■ In the instant case, the trial court dismissed the dependency petitions for what it termed a "procedural technicality," even though it did not believe this decision served the interests of justice. While we do not condone peti-

---

[7]Section 352 provides, "(a) Upon request of counsel for the parent, minor, or petitioner, the court may continue any hearing under this chapter beyond the time limit within which the hearing is otherwise required to be held, provided that no continuation shall be granted if contrary to the interest of the minor. In considering the minor's interests, the court shall give substantial weight to a minor's need for prompt resolution of his or her custody status, the need to provide children with stable environments, and the damage to a minor of prolonged temporary placements. [¶] (b) In any case in which the minor is represented by counsel and no objection is made to an order continuing any such hearing beyond the time limit within which the hearing is otherwise required to be held, the absence of such an objection shall be deemed a consent to the continuance."

[8]Section 202 provides in relevant part: "(a) The purpose of this chapter is to provide for the protection and safety of the public and each minor under the jurisdiction of the juvenile court and to preserve and strengthen the minor's family ties whenever possible, removing the minor from the custody of his or her parents only when necessary for his or her welfare or for the safety and protection of the public. When the minor is removed from his or her own family, it is the purpose of this chapter to secure for the minor custody, care, and discipline as nearly as possible equivalent to that which should have been given by his or her parents. This chapter shall be liberally construed to carry out these purposes. [¶] (b) Minors under the jurisdiction of the juvenile court who are in need of protective services shall receive care, treatment and guidance consistent with their best interest and the best interest of the public. . . . Juvenile courts and other public agencies charged with enforcing, interpreting and administering the Juvenile Court Law shall consider the safety and protection of the public and the best interest of the minor in all deliberations pursuant to this chapter. . . ."

tioner's failure to comply with section 366.2, subdivision (c), the court's decision placed undue weight on a matter of procedure rather than substance. (Cf. *In re Cindy E.* (1978) 83 Cal.App.3d 393, 403-405 [147 Cal.Rptr. 812].) The dismissal was erroneous.[9]

Finally, we note petitioner was well within its rights in requesting a continuance to file a new probation report. Section 352 authorizes a continuance if the delay is not contrary to the interests of the minor. In stating the minors' interests were not served by dismissing the dependency petition, the court impliedly found a continuance would be proper if the court possessed the authority to grant the requested relief. A reasonable continuance was virtually compelled herein as the minors' mother notified the probation officer of the plan's unsuitability only the day before the hearing. Were a continuance not permitted under these circumstances, parents could manipulate the proceedings to obtain dismissals of dependency petitions merely by refusing at the last minute to cooperate with the recommended plan and then challenging the court's jurisdiction to act by urging the statutory time limits were not met. Such a result is antithetical to the entire juvenile law system and cannot be tolerated.

#### DISPOSITION

The order of dismissal is reversed.

Sparks, J., and Sims, J., concurred.

---

[9]Before dismissing a dependency petition, the court must find (1) the dismissal is in the interests of justice and (2) the welfare of the minor requires dismissal. (§ 390.) The court's statements in the present case were directly contrary.