[No. S016631. Dec. 2, 1991.]

In re RICHARD S., a Person Coming Under the Juvenile Court Law.
PEDRO R. SILVA, as Chief Probation Officer, etc., Plaintiff and
Respondent, v.
LORI S., Defendant and Appellant.

## COUNSEL

Dallas Sacher, under appointment by the Supreme Court, and Margaritay Lopez Orozco, under appointment by the Court of Appeal, for Defendant and Appellant.

Steven M. Woodside, County Counsel, Vanessa Zecher Cain and Diane L. Bennett, Deputy County Counsel, for Plaintiff and Respondent.

Leo Himmelsbach, District Attorney, Daniel A. Palmer and Penelope M. Blake, Deputy District Attorneys, for Minor.

## OPINION

MOSK, J.—The question before us is whether a referee lacks jurisdiction to enter a final order in a juvenile matter if the superior court fails to strictly follow the provisions of rule 244 of the California Rules of Court in appointing the referee as a temporary judge. We determine that error in failing to follow rule 244 is not jurisdictional when the parties have stipulated to trial by temporary judge and the requirements of article VI, section 21 of the California Constitution are otherwise met.

I

During a custody dispute in the family court, when it appeared that the family court services custody evaluation would recommend that father should receive custody of the child, the child made an accusation of sexual abuse against father. The county filed a petition under Welfare and Institutions Code section 300 to declare the child a dependent ward of the juvenile court.

On April 22, 1988, Kristine Mackin McCarthy, referee of the Juvenile Court of Santa Clara County, ordered that the child be placed in protective custody in juvenile hall. The form order, clearly referring to McCarthy as a referee, set a hearing in the matter in department IV of the juvenile court for May 13, 1988.

On May 13, 1988, the matter was continued by Referee McCarthy. The clerk's transcript notation of this hearing referred to her as a judge. The clerk's transcript also contains a form stipulation dated May 20, 1988, in which the attorney representing the child, and the two attorneys representing mother and father, signed the written stipulation that McCarthy "be appointed Judge Pro Tempore of the Superior Court to try this action." The form calls for the signature of a judge of the superior court approving the referee's appointment as a temporary judge, but no such signature appears. McCarthy entered her signature indicating that she had subscribed to the oath of office.

The jurisdictional hearing commenced on November 4, 1988, the court reporter noting that the judge presiding was the Honorable Kristine

McCarthy, "Judge Pro Tempore."[1] At the conclusion of the hearing on Monday, November 21, 1988, at which the court found the child a dependent ward of the court and ordered him placed in his father's custody, the court advised the parties of their right of appeal to the Court of Appeal.[2]

The clerk's transcript also contains another form stipulation, dated November 10, 1988, and stamped as filed on November 22, 1988, in which counsel for mother and father signed a stipulation to McCarthy presiding as "Judge Pro Tempore." The portion of the form noting that the superior court ordered McCarthy appointed as a temporary judge is signed by a judge of the superior court, and McCarthy again entered her signature indicating that she had taken the oath of office.

Mother appealed, arguing, among other things, that the court's order was void because of defects in the stipulation and order authorizing the referee to sit as a temporary judge. The Court of Appeal rejected these arguments and affirmed the judgment.

## II

Article VI, section 21 of the California Constitution provides: "On stipulation of the parties litigant the court may order a cause to be tried by a temporary judge who is a member of the State Bar, sworn and empowered to act until final determination of the cause."

Rule 244 of the California Rules of Court (hereafter rule 244) amplifies these requirements, particularly by providing for written stipulations. It provides in pertinent part: "The stipulation of the parties litigant that a case may be tried by a temporary judge shall be in writing . . . . It shall be submitted for approval to the presiding judge or to the supervising judge of a branch court. The order designating the temporary judge shall be endorsed upon the stipulation, which shall then be filed. The temporary judge shall take and subscribe the oath of office, which shall be attached to the stipulation and order of designation, and the case shall then be assigned to the temporary judge for trial. After the oath is filed, the temporary judge may proceed with the hearing, trial and determination of the case."

---

[1] The evidence at the hearing was directed to the question whether mother or father should receive custody; it was undisputed that the child had serious emotional problems but little effort was made to prove an episode of sexual abuse.

[2] The hearings on November 4, 10, 14 and 21 were technically jurisdictional hearings, though father offered to stipulate to the court's jurisdiction under Welfare and Institutions Code section 300, and although the evidence was directed to the issue of disposition. At the conclusion of closing argument on November 21, the court noted its understanding that there was no dispute over jurisdiction, and that it would enter a dispositional order based on the evidence it had heard at the jurisdictional phase.

■ Mother argues that because the order signed by a superior court judge authorizing the referee to act as a temporary judge was not filed until the conclusion of the dispositional hearing, the referee lacked jurisdiction to enter a final order.[3] She argues that under article VI, section 21 of the California Constitution (hereafter article VI, section 21), a juvenile court referee may not act as a temporary judge absent a written order of the superior court. The requirements of rule 244, she maintains, are of constitutional stature, so that failure to meet those requirements is jurisdictional error. She relies on the familiar rule that the parties cannot confer jurisdiction by consent.[4]

■ At the outset we dispose of the claim that the failure of the clerk to file the written order authorizing the referee to sit as a temporary judge before the entry of the jurisdictional order was constitutional error within the terms of article VI, section 21. That section simply provides that a court may order a cause to be tried by a temporary judge. It appears to us that the court fulfilled this function by assigning the matter for trial before a referee the parties had stipulated would sit as a temporary judge and who had subscribed to the oath of office.

Mother objects that the history of the provision indicates a written order must precede any judicial act by the temporary judge. She points out that article VI, section 21 is based on the now repealed article VI, section 5, which provided that the selection of a temporary judge "shall be subject to the approval and order of the court." As the 1966 revision of the provision was not intended to achieve a substantive change, but simply to restate the provision in modern terms (*People* v. *Tijerina* (1969) 1 Cal.3d 41, 48 [81 Cal.Rptr. 264, 459 P.2d 680]), she reasons that a requirement of a prior written order survives in the current constitutional language. We do not accept her premise, however, that the original language required a prior written order, or any act beyond the assignment of a cause for trial before an

---

[3] A referee, of course, has jurisdiction to enter a dispositional order as a referee, subject to review by the superior court. (Welf. & Inst. Code, §§ 248, 252.)

[4] In the Court of Appeal, and in the petition for review, mother argued that the stipulation to trial of this juvenile dependency matter before a referee sitting as a temporary judge was defective in other respects: 1) it was not prepared until after the referee had already made an order detaining the child in juvenile hall and made an order continuing the jurisdictional hearing; 2) it lacked the signature of counsel who was present and representing the child; and 3) the referee's office address did not appear on the form. Our order granting review specified the issue as whether orders made by a juvenile court referee are valid where the record does not show strict compliance with the court rule regarding stipulations for temporary judges. Counsel for mother chose to limit briefing on the merits to the issue of the failure of the superior court to timely file an order authorizing the referee to sit as a temporary judge. Accordingly, we respond only to that question.

eligible person who sits by stipulation as a temporary judge. In any event, here the court did sign a written order before the referee entered her order.

Mother makes a similar argument to indicate that the requirements of rule 244 are jurisdictional. She notes that the former article VI, section 5 of the Constitution provided the appointment of a temporary judge "shall also be subject to such regulations and orders as may be prescribed by the Judicial Council." Though this language was omitted from the current provision, she argues there was no intent to diminish the authority of the Judicial Council, but rather the language was omitted because "the Judicial Council's general rulemaking authority [was] continued in Section 6 of Article VI and a separate statement in [section 21 was] unnecessary." (Judicial Council of Cal., Ann. Rep. (1967) p. 89.)

 Even interpreting the constitutional language in light of the earlier provision, we do not accept the premise that because the Constitution provided the Judicial Council was to establish rules with respect to the appointment of temporary judges, the Constitution intended to provide that failure to follow those rules precisely is error depriving the tribunal of jurisdiction. Neither the former nor the current constitutional language suggests this, and no other authority has been called to our attention to indicate that the Constitution was intended to make Judicial Council rules on this point jurisdictional. The Judicial Council is simply empowered to "adopt rules for court administration, practice and procedure, not inconsistent with statute . . . ." (Cal. Const., art. VI, § 6.)

Therefore, although there is doubt that Judicial Council rules may affect jurisdiction in this instance, for purposes of discussion we shall assume that they may. The rules have the force of statute to the extent that they are not inconsistent with legislative enactments and constitutional provisions. (*Albermont Petroleum Ltd.* v. *Cunningham* (1960) 186 Cal.App.2d 84, 89 [9 Cal.Rptr. 405], questioned on other grounds in *Mann* v. *Cracchiolo* (1985) 38 Cal.3d 18, 28-29 [210 Cal.Rptr. 762, 694 P.2d 1134]; see also *People* v. *Wright* (1982) 30 Cal.3d 705, 712 [180 Cal.Rptr. 196, 639 P.2d 267].) As with any other statute, the question whether failure to comply with the rule deprives the tribunal of jurisdiction is one of legislative intent. (*Averill* v. *Lincoln* (1944) 24 Cal.2d 761, 764 [151 P.2d 119] [rule requiring that party "shall" serve certain notice on appeal is not jurisdictional]; see also *Jacobs* v. *State Bar* (1977) 20 Cal.3d 191, 198 [141 Cal.Rptr. 812, 570 P.2d 1230]; *Morris* v. *County of Marin* (1977) 18 Cal.3d 901, 910 [136 Cal.Rptr. 251, 559 P.2d 606].)

The contention that the requirements of rule 244 are jurisdictional is one that has divided the Courts of Appeal. In two cases, the Fifth District has

held that failure to follow the procedure set out in rule 244 is jurisdictional error requiring reversal. The first case, *In re Damian V.* (1988) 197 Cal.App.3d 933 [243 Cal.Rptr. 185], involved a proceeding to terminate parental rights. Although the father and the county counsel stipulated to trial by temporary judge, and the superior court ordered the appointment of the temporary judge, neither the mother (who failed to appear) nor the minors joined in the stipulation and the temporary judge never took the oath of office. The reviewing court observed that rule 244 "is couched in mandatory language and suggests failure to comply with the specific conditions precedent would nullify or void any subsequent rulings or orders by the temporary judge." (*Id.* at p. 938.) The second case, *In re Heather P.* (1988) 203 Cal.App.3d 1214 [250 Cal.Rptr. 468], reached the same conclusion in the context of a dependency proceeding brought under section 300 of the Welfare and Institutions Code. There, although there was an oral stipulation on behalf of the mother and minor to trial by a temporary judge, there was no written stipulation or approval of the stipulation by the superior court, and it appeared that the temporary judge had not taken the oath of office. Simply noting that *Damian V.* had held that the rule 244 was mandatory, the court concluded "any orders or rulings by the temporary judge would necessarily be void as the temporary judge would have been without constitutional or statutory authority to act." (203 Cal.App.3d at p. 1225.)

The better view, however, is represented by those cases that have reached a contrary conclusion with respect to rule 244, as the Court of Appeal in the present case determined. In *In re Robert S.* (1988) 197 Cal.App.3d 1260 [243 Cal.Rptr. 459], a termination of parental rights case, the First District held that because article VI, section 21 contemplates trial by temporary judge "upon stipulation of the parties," a retired juvenile court referee had power to preside under an oral stipulation of the parties, regardless of rule 244 and its requirement of a written stipulation. It pointed out that far from requiring a written stipulation, the Constitution permits stipulation by conduct of the parties. (See maj. opn. in *In re Horton* (1991) 54 Cal.3d 82 [284 Cal.Rptr. 305, 813 P.2d 1335].) It agreed with language in *People* v. *Oaxaca* (1974) 39 Cal.App.3d 153, 164 [114 Cal.Rptr. 178], objecting that it would be " ' "intolerable to permit a party to play fast and loose with the administration of justice by deliberately standing by without making an objection of which he is aware and thereby permitting the proceeding to go to a conclusion which he may acquiesce in, if favorable, and which he may avoid, if not." ' "

Further, the Court of Appeal in *Robert S.* rejected the notion that rule 244 imposes jurisdictional requirements, declaring that the 1966 amendment to article VI, section 21 eliminated language that formerly had expressly referred to Judicial Council rules. "[T]he language of former article VI,

section 5, expressly providing that the selection of a judge pro tempore is 'subject to such regulations and orders as may be prescribed by the Judicial Council,' was eliminated. Based on the omission of the requirement that the selection of a temporary judge be subject to the rules of the Judicial Council, we conclude that compliance with rule 244(a) is not a constitutional prerequisite to empowering a temporary judge to act." (*In re Robert S.*, *supra*, 197 Cal.App.3d at p. 1265; see also *In re P. I.* (1989) 207 Cal.App.3d 316, 322 [254 Cal.Rptr. 774] [accord, applying *Robert S.* in Welf. & Inst. Code, § 602 proceeding].)

The Fourth District in *In re Lamonica H.* (1990) 220 Cal.App.3d 634 [270 Cal.Rptr. 60] (see also *In re Samkirtana S.* (1990) 222 Cal.App.3d 1475, 1481 [272 Cal.Rptr. 489], accord) also noted the deletion from the Constitution of language referring to the Judicial Council rules, but focused more on an analysis of whether the rule itself was intended to be mandatory or directory. It is this analysis that we find dispositive. ■■■ We conclude that the court in *In re Damian V.*, *supra*, 197 Cal.App.3d 933, erred in assuming that because rule 244 uses the term "shall," failure to follow the rule precisely deprives the court of jurisdiction.

■■■ A statutory requirement may impose on the state a duty to act in a particular way, and yet failure to do so may not void the governmental action taken in violation of the duty. (*Morris* v. *County of Marin*, *supra*, 18 Cal.3d 901, 908; *Pulcifer* v. *County of Alameda* (1946) 29 Cal.2d 258, 262-263 [175 P.2d 1]; *Mitchell* v. *City of Indio* (1987) 196 Cal.App.3d 881, 888-889 [242 Cal.Rptr. 235]; *In re Charles B.* (1986) 189 Cal.App.3d 1204, 1209 [235 Cal.Rptr. 1].) This distinction is generally expressed in terms of calling the duty "mandatory" or "directory." "[T]he 'directory' or 'mandatory' designation does not refer to whether a particular statutory requirement is 'permissive' or 'obligatory,' but instead simply denotes whether the failure to comply with a particular procedural step will or will not have the effect of invalidating the governmental action to which the procedural requirement relates." (*Morris* v. *County of Marin*, *supra*, 18 Cal.3d at p. 908.)

■■■ We are persuaded by the decision in *In re Lamonica H.*, *supra*, 220 Cal.App.3d 634, that rule 244 is directory rather than mandatory to the extent that it imposes requirements beyond those expressed in article VI, section 21, and that no purpose would be served by interpreting it as intended to void any action taken when the requirements of the rule were not precisely fulfilled. We must go beyond the use of the term "shall" in the rules and determine legislative intent. ■■■ In determining whether statutory language is mandatory or directory, " '[i]n the absence of express language, the intent must be gathered from the terms of the statute construed as a whole, from the nature and character of the act to be done, and from the

consequences which would follow the doing or failure to do the particular act at the required time. [Citation.] When the object is to subserve some public purpose, the provision may be held directory or mandatory as will best accomplish that purpose [citation]. . . .' " (*Morris v. County of Marin, supra,* 18 Cal.3d at p. 910, quoting *Pulcifer v. County of Alameda, supra,* 29 Cal.2d at p. 262; see also *People v. McGee* (1977) 19 Cal.3d 948, 958-959 [140 Cal.Rptr. 657, 568 P.2d 382].)

The court in *Lamonica H.* found that rule 244 was intended to serve administrative purposes: "Where a party to a proceeding heard by a referee has in fact expressly or impliedly agreed that the referee may sit as temporary judge pursuant to article VI, section 21 of the Constitution, it is difficult for us to fathom what legitimate interest the party has in the method by which his agreement is memorialized. Whether consent is oral, written, express or implied, if in fact a party agrees to proceed before a referee and thereafter receives a ruling on the merits from the referee, his reasonable expectations have been fulfilled. Thus the detailed procedure set forth in rule 244 appears to us designed to serve collateral interests of the judicial system. By requiring a written instrument, the rule prevents disputes as to whether parties have in fact consented and the scope of their consent. [Citation.] By further requiring the written approval of a supervising judge and an oath, the rule insures that the activities of temporary judges are monitored and do not impair the administration of the trial courts. These interests are entirely unrelated to [the litigant's] interest in having his dispute heard in a competent and unbiased tribunal." (*In re Lamonica H., supra,* 220 Cal.App.3d at p. 644.)

In sum, we agree with the Court of Appeal in this case, and with the decisions in *In re Robert S., supra,* 197 Cal.App.3d 1260, *In re P. I., supra,* 207 Cal.App.3d 316, and *In re Lamonica H., supra,* 220 Cal.App.3d 634, that when the requirements of article VI, section 21 are otherwise met, the parties by their stipulation to trial by a referee sitting as a temporary judge, waive any claim of error on the basis of failure to strictly comply with that rule.[5]

Mother objects that such a conclusion violates the general rule that parties cannot confer jurisdiction by consent. She overlooks the fact that the superior court has subject matter jurisdiction over the cause and ordered it tried before the referee as a temporary judge. The stipulation of the parties simply confers judicial power on the referee to act as a temporary judge within the superior court. (See *In re Perrone C.* (1979) 26 Cal.3d 49, 57 [160 Cal.Rptr.

---

[5]To the extent they are inconsistent with this opinion, the decisions in *In re Heather P., supra,* 203 Cal.App.3d 1214, and *In re Damian V., supra,* 197 Cal.App.3d 933, are disapproved.

704, 603 P.2d 1300].) This is not a situation in which the parties attempt to confer jurisdiction that is constitutionally lacking.

## III

The judgment of the Court of Appeal is affirmed.

Lucas, C. J., Panelli, J., Kennard, J., Arabian, J., Baxter, J., and George, J., concurred.